**UNITED STATES FREIGHT COMPA-
NY, as successor in interest of Inter-
national Forwarding Co., Appellee,**

v.

**PENN CENTRAL TRANSPORTATION
CO., et al., Appellants.**

**No. 1386, Docket 83–7161.**

United States Court of Appeals,
Second Circuit.

Argued June 8, 1983.

Decided June 14, 1983.*

Robert P. Shaughnessy, Bleakley, Platt,
Remsen, Millham & Curran, New York
City, for appellants.

Margaret M. O'Neill, Greenhill, Speyer &
Thurm, New York City, for appellee.

* This case was originally decided by summary
  order. At the suggestion of Magistrate Raby,
  the panel has, however, decided to publish it as
  a per curiam opinion.

Before OAKES and MESKILL, Circuit
Judges, and HILL, District Judge.**

PER CURIAM:

Penn Central appeals from a judgment of
the United States District Court for the
Southern District of New York, Charles S.
Haight, Judge, accepting Magistrate Raby's
report and recommendation, striking de-
fendants' answer and entering a default
judgment of $10,000 for lost or damaged
shipments. The judgment represents a
sanction under Fed.R.Civ.P. 37(b)(2)(C) for
failure to comply with an order for dis-
covery.

United States Freight Co. filed an action
in New York state court claiming $62,940.62
damages; defendants removed to federal
court in February of 1975, and sought three
extensions of time before answering the
complaint. After four pretrial conferences,
and on the belief that the parties would
complete settlement negotiations, the court
ordered the action discontinued on Decem-
ber 9, 1977. No settlement followed. Mag-
istrate Raby conducted five more confer-
ences. Plaintiffs agreed to a settlement of
$10,000 at the second of these conferences,
and defendants' counsel agreed to recom-
mend that figure, but defendants would not
give authority to their attorney to settle.
Thereafter, on November 3, 1982, Judge
Haight granted United States Freight Co.'s
motion to vacate the prior dismissal and
restore this case to the active calendar.
Magistrate Raby fixed the discovery time-
table by order on November 17, 1982. It is
the sanction imposed on Penn Central for
failure to comply with this order that is the
subject of the present appeal.

Standing alone, a single pretrial violation,
such as this party's failure to respond to a
document request by the date ordered,
would not ordinarily result in an imposition
of a sanction of such finality as striking
defendants' answer and entering judgment
by default. *Link v. Wabash Railroad,* 370

** Of the Central District of California, sitting by
   designation.

U.S. 626, 634, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (involuntary dismissal under Fed.R. Civ.P. 41(b)). In opposing the motion for sanctions, Penn Central argues that its "technical failure" to comply with the discovery order was inadvertent and due to staff absences during year's end holidays. Penn Central's sole argument on appeal is abuse of discretion on the theory that a lesser sanction should have been imposed first. However, Penn Central ignores the magistrate's stated rationale for the sanction—the "continuing saga of dilatory conduct on the part of defendants with respect to this litigation"—and the established principle that courts act within their discretionary powers when they impose sanctions for impeding or extending court proceedings. *See, e.g., Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980); *Penthouse International, Ltd. v. Playboy Enterprises, Inc.,* 663 F.2d 371, 386 (2d Cir.1981). This court will not reverse a trial court's Rule 37 final order in a case of this "vintage," to use the trial court's word, unless on review we find an abuse of discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam).

General deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37; unconditional impositions of sanctions are necessary to deter "other parties to other lawsuits" from flouting "other discovery orders of other district courts." *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. at 643, 96 S.Ct. at 2781; *Paine, Webber, Jackson & Curtis, Inc. v. Inmobiliaria Melia de Puerto Rico, Inc.,* 543 F.2d 3, 6 (2d Cir. 1976), *cert. denied,* 430 U.S. 907, 97 S.Ct. 1178, 51 L.Ed.2d 583 (1977). Further, the 1980 amendments to Fed.R.Civ.P. 37, and the presently proposed amendments to the Rules, emphasize the court's power to sanction for abuse of pretrial process. Where, as here, that expressly permitted sanction was imposed for failure to comply with a discovery order of which the party had proper notice, and only after an opportunity to argue its case against the proposed sanc-

tion, the court has both protected Penn Central's procedural rights and acted within the proper scope of its discretion.

Judgment affirmed.