**ATLANTA SHIPPING CORPORATION, INC., Plaintiff,**

v.

**CROSS & BROWN COMPANY, et al., Defendants.**

No. 84 Civ. 2454 (GLG).

United States District Court, S.D. New York.

Nov. 17, 1986.

As Amended Dec. 8, 1986.

other papers are signed only by counsel. *Oliveri v. Thompson, supra,* at 1273–75.

Michael P. Arra, New York City, for plaintiff.

Parker, Auspitz, Neesemann & Delehanty, P.C., New York City, for defendants; Charles S. Barquist, of counsel.

## OPINION

GOETTEL, District Judge:

On July 22, 1986, this Court ruled that unless the plaintiff, on or before August 14, 1986, complied with certain discovery demands of the defendants, this action would be dismissed with prejudice.[1] Plaintiff not having complied with these discovery demands, defendants submitted a proposed order dismissing the action with prejudice.

■ In lengthy, rambling, and not entirely comprehensible papers, plaintiff opposes the entry of the proposed order on numerous grounds. First, plaintiff argues that defendants' submission of a proposed order was improper because pursuant to local rules, a conference with the Court should have been requested to dispose of what plaintiff refers to as a "discovery issue." Initially, we note that matters in this case have advanced far beyond what could be characterized as a simple discovery dispute. Further, what had been a discovery dispute was resolved and terminated by the Court's July 1986 order. Accordingly, the defendants acted properly in seeking dismissal by formal papers rather than requesting a conference.

■ An alternative procedural argument advanced by the plaintiff is that defendants' submission of a proposed order was improper because defendants should have proceeded by motion. Plaintiff suggests that defendants proceeded as they did in order to procure a summary dismissal on

short notice. Whether defendants should have proceeded by submission of an order or by motion may be debatable; what is not debatable is that plaintiff in any event was given adequate time to respond to defendants' action. In order to assure the plaintiff a proper opportunity to argue its case against the proposed sanction, *U.S. Freight Co. v. Penn Central Transportation*, 716 F.2d 954, 955 (2d Cir.1983) ("*Penn Central*"), the Court granted plaintiff a lengthy extension of time in which to respond and to file what it claimed was a necessary memorandum of law. A further extension was granted upon plaintiff's counsel's application, which pleaded various personal tales of woe. Plaintiff has thus been afforded not merely adequate, but generous time in which to frame its opposition to the entry of the proposed order.

■ Plaintiff also offers several substantive arguments against the proposed order. First, the plaintiff argues that it did not produce the "Monaco documents" requested by the defendants because the defendants had previously indicated no interest in seeing them. In fact, the record establishes that the plaintiff never previously advised defendants of the existence of the requested documents, although more than a year ago plaintiff's counsel had stated that he would advise defendant whether there were pertinent records in Monaco. Indeed, at various other times plaintiff's counsel represented that all of the plaintiff's documents were in New York. We therefore do not accept this excuse.

■ Next, plaintiff's counsel argues that he fully complied with the July 1986 order.[2] This argument is without merit. Plaintiff's

1. The order stated:
   ORDERED, that Cross & Brown's motion to dismiss is granted to the extent that this action shall be dismissed with prejudice unless plaintiff, on or before August 14, 1986, serves responses to Cross & Brown's First Interrogatories to Plaintiff, dated July 31, 1984, and produces and makes available for inspection all documents requested in Cross & Brown's

Request for Production of Documents, dated June 18, 1984.

2. Plaintiff's counsel further suggests that defendants have made false statements to the Court about plaintiff's purported failure to answer, and recommends that plaintiff, and not defendant, should be granted the costs of this action.

counsel props his claim on the 62 pages he filed in response to the interrogatories, and urges the Court to review each answer in detail. This review, which the Court has been compelled to conduct, reveals that only one-quarter of the 62 pages contain what can remotely be construed as answers. The first five and one-half pages contain aught but general objections. These are supplemented by scores of specific objections scattered throughout other pages, so that unresponsive objections occupy approximately 13 of the 62 proffered pages. Restatements of the interrogatories, rather than answers to them, take up another 17 pages. At least 15 pages are comprised of either references (often very general) to documents and depositions, or the response that plaintiff cannot answer an interrogatory because it has insufficient discovery or because it does not understand the interrogatory. What remains is largely argument and inference, so that the amount of factual material actually disclosed is minute. For these reasons, we find plaintiff's argument to be unfounded.

Plaintiff argues that its objections[3] should not be discounted as unresponsive under the July 1986 order because it was justified in reserving its objections until this time. Plaintiff bases this claim on the peculiar theory that what constitutes a satisfactory response as required by the July 1986 order can be determined by reference to this Court's letter dated October 11, 1984.

The letter in question was written in response to plaintiff's motion for a protective order. The requested protective order pertained to a then-pending motion which, if granted, might have mooted certain of the interrogatories. To that extent, the plaintiff was allowed to reserve its answers until the motion was decided. With respect to the remainder of the interrogatories, plaintiff's counsel was advised that an appropriate response would be to either answer them or specify objections where they existed.

■ Plaintiff intimates that this advice constituted a sort of carte blanche, so that however long delayed, an objection would always constitute an appropriate response to defendants' interrogatories. We disagree. In response to the Court's letter, the plaintiff did nothing—it neither answered the interrogatories nor objected to them. Even after the motion to strike the affirmative defenses was denied in July of 1985, the plaintiff continued to fail to file answers to interrogatories. The time for plaintiff to make objections to the interrogatories is now two years past. Nothing in the Court's letter in any fashion justifies the contumacious manner in which the plaintiff has proceeded.

Plaintiff's counsel next suggests that because defendants had access to a number of boxes of plaintiff's documents, those answers made by referring to these documents constitute sufficient responses to defendants' interrogatories. Ironically, he in the same breath complains that except by hours of investigation of each document he would himself be unable to provide more specific responses.[4] (Indeed, one of the defects of the answers to the interrogatories is the fact that they were given by counsel rather than by someone with knowledge of the facts.)

■ Plaintiff's broad references are clearly inadequate to comply with either Rule 33(c) of the Federal Rules of Civil Procedure or Local Civil Rule 46. Rule 33(c) requires that where the answer to an interrogatory is a specification of records from which the answer may be derived, such specification must be "in sufficient detail to permit the interrogating party to locate, ... as readily as can the party served, the records from which the answer may be ascertained." Plaintiff's specifications only rarely sufficiently indicate where in its documents answers to defendants'

---

**3.** Plaintiff challenges, *inter alia*, the relevance and materiality of certain of the interrogatories.

**4.** Plaintiff also offers the assumption, without explanation, that no Atlanta employee would be able to provide more specific answers.

interrogatories can be found; the majority refer defendants to various categories of documents which include from 50 to 200 file boxes. Where, as here, plaintiff's counsel himself bemoans the impossible task of extracting answers to interrogatories from this mass of documents, he cannot suggest that he has adequately directed the defendants to the pertinent documents so as to comply with Rule 33(c).

■ Plaintiff's specification of documents also ignores the requirement of Local Civil Rule 46(f)(1) that it

> be in sufficient detail to permit the interrogating party to locate and identify the records and to ascertain the answers as readily as could the party from whom discovery is sought.

This language seems to track the language of Rule 33(c), but it has one important distinction. Rule 33(c) requires only the clear specification of the *records* from which the answers may be ascertained. The local rule requires that the specification permit the interrogating party "to ascertain the *answers* as readily as could the party from whom discovery is sought." (Emphasis supplied.)

It is abundantly evident that this Court must impose sanctions against the plaintiff. District courts have well-acknowledged inherent powers, as well as statutory authority, to prevent abusive litigation practices. *Roadway Express, Inc. v. Piper, et al.,* 447 U.S. 752, 763–65, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980) ("*Roadway*"); *Link v. Wabash R. Co.,* 370 U.S. 626, 631–32, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). The only remaining question is what sanction is appropriate.

■ Plaintiff has previously been assessed costs in the extraordinary amount of $25,000, for refusing to provide discovery in connection with the original case against International Modular Housing. That, apparently, had no deterrent effect. An order of preclusion would be no more

useful because most of the unanswered discovery demands involve information sought for defensive purposes.

■ Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure specifically empowers the court to dismiss an action where a party fails to provide or permit discovery. This sanction should not be assessed lightly. *Roadway,* 447 U.S. at 767, 100 S.Ct. at 2464; *Penn Central,* 716 F.2d at 954 (minor violations do not ordinarily result in the imposition of sanctions of such finality as dismissal of an action). Nonetheless, Rule 37 should be administered diligently, both to penalize the offending party, and to deter "[others] who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), *cited with approval in Roadway,* 447 U.S. at 764, 100 S.Ct. at 2463; *Penn Central,* 716 F.2d at 955. It is appropriate "where, as here, [it is] imposed for failure to comply with a discovery order of which the party had proper notice, and only after an opportunity to argue its case against the proposed sanction...." *Penn Central,* 716 F.2d at 955. The plaintiff's refusal to comply with the Court's order is willful and dismissal is the only adequate remedy at this moment.[5] *Penthouse International Limited v. Playboy Enterprises, Inc.,* 663 F.2d 371, 387 (2d Cir.1981).

We note that plaintiff has had an action pending for some years against Robert Waldron, a principal of International Modular Housing and an employee or agent of this defendant. For reasons beyond this Court's understanding, plaintiff has allowed that action to languish in preference to pursuing other "deep pockets." If plaintiff ultimately prevails against Waldron, this dismissal will be without prejudice to the reinstitution of this action.

SO ORDERED.

---

**5.** This result has been held appropriate even when a discovery order was entered other than pursuant to a Rule 37(a) motion. *Penthouse*