VOLKART BROTHERS, INC., et al., Plaintiffs,

v.

M/V "PALM TRADER", her engines, boilers, etc., Colyton Investment, P.T. Perusahaan Peleyaran Samudera a/k/a P.T. Trikora Lloyd, M/V "AMER SHANTI", her engines, boilers, etc., and Trevose Shipping Co., Ltd., Defendants.

TRISTAO TRADING, INC., et al., Plaintiffs,

v.

M/V "PALM TRADER", her engines, boilers, etc., Colyton Investment, P.T. Perusahaan Peleyaran Samudera a/k/a P.T. Trikora Lloyd, M/V "AMER SHANTI", her engines, boilers, etc., and Trevose Shipping Co., Ltd., Defendants.

CARGILL, INC. and Cresinco Corp., Plaintiffs,

v.

M/V "PALM TRADER", her engines, boilers, etc., Colyton Investment, P.T. Perusahaan Peleyaran Samudera a/k/a P.T. Trikora Lloyd, M/V "AMER SHANTI", her engines, boilers, etc., and Trevose Shipping Co., Ltd., Defendants.

P.T. TRIKORA LLOYD, Plaintiff,

v.

PALM NAVIGATION TRUST, S.A., Defendant.

Nos. 88 Civ. 7527 (RLC), 88 Civ. 0380 (RLC), 88 Civ. 9094 (RLC) and 89 Civ. 2852 (RLC).

United States District Court, S.D. New York.

March 30, 1990.

Donovan, Maloof, Walsh & Repetto (Charles C. Goodenough, of counsel), New York City, for plaintiffs Volkart Brothers, Inc., et al.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy (T.E. Willoughby, of counsel), New York City, for plaintiffs Tristao Trading, Inc., et al.

McDonald, Herbermann & Fenzel (Peter D. Fenzel, of counsel), New York City, for plaintiffs Cargill, Inc. and Cresinco Corp.

Halley, Calkins & Avallone, P.C. (Steven P. Calkins, of counsel), New York City, for defendants Palm Navigation Trust, S.A. and Colyton Investment.

Dougherty, Ryan, Mahoney, Pellegrino, Giuffra & Zambito (Thomas Tisdale, Peter J. Zambito, of counsel), New York City, for defendant P.T. Perusahaan Peleyaran Samudera a/k/a P.T. Trikora Lloyd.

ROBERT L. CARTER, District Judge.

This consolidated case concerns the September, 1987 breakdown at sea of the M/V PALM TRADER en route from Indonesia to the United States. Several plaintiff cargo interests have alleged causes of action against, *inter alia*, the ship, its owner, and its charterer, relating to the breakdown and subsequent general average declaration of the PALM TRADER. Defendant Perusahaan Peleyaran Samudera a/k/a P.T. Trikora Lloyd ("Trikora"), the charterer, has cross-claimed against the vessel owner, Colyton Investments Ltd. ("Colyton"), as well as against Colyton's agent, Palm Navigation Trust ("PNT"). Presently before the court is Trikora's motion for sanctions against PNT pursuant to Rule 37, F.R.Civ.P., and PNT's cross-motion to dismiss Trikora's complaint for lack of personal jurisdiction under Rule 12(b)(2), F.R. Civ.P.

The facts surrounding the voyage, breakdown and abandonment of the M/V PALM TRADER are described in detail in the court's prior opinion in this case, *Volkart Brothers, Inc. v. M/V PALM TRADER*, 88 Civ. 7527 (RLC) slip op. at 3–5, 1989 WL 34094 (S.D.N.Y. April 5, 1989) [1990 U.S. Dist. LEXIS 3575], familiarity with which is presumed. For purposes of the instant motion, a brief description of the subsequent developments in this litigation will suffice.

In September, 1989, Trikora served a First Request for Production of Documents and a Notice of Deposition of PNT in this matter. After at least one extension and an unsuccessful request for a stay of discovery, PNT moved the court for a protective order pursuant to Rule 26(c), F.R. Civ.P., and Trikora cross-moved for an order compelling discovery.

By an order dated December 4, 1989, *P.T. Trikora Lloyd v. Palm Navigation Trust, S.A.*, 89 Civ. 2852 (RLC) slip op., 1989 WL 214473 (S.D.N.Y.) (Carter J.), the court denied PNT's motion for a protective order and granted Trikora's cross-motion for an order compelling discovery regarding the materials at issue here. PNT was ordered to comply with Trikora's First Request for Production of Documents[1] and to produce a witness in compliance with Trikora's Notice of Deposition on or before December 26, 1989.

On December 15, 1989, PNT provided a Supplemental Response to Trikora's First Request for Production of Documents which consisted of only seven documents. After further prodding, PNT indicated to Trikora that it was "unable" to produce further documents or the witness, Captain Mavris. Soon after, the present motions were filed.

## PARTIES' CONTENTIONS

Pursuant to Rule 37(b)(2),[2] Trikora seeks an order deeming all of the allegations of its complaint against PNT admitted, striking PNT's affirmative defenses and piercing the corporate veils of five companies characterized by Trikora as "owning corporations" of PNT.[3] In urging sanctions,

---

1. The court did limit Trikora's request numbers 2, 7, 10, and 17 to the time period of May 26, 1986 to December, 1987. PNT's motion was otherwise denied. *P.T. Trikora Lloyd v. Palm Navigation Trust, S.A.*, 89 Civ. 2852 (RLC) slip op. at 1–2 (December 4, 1989).

2. Rule 37(b)(2), F.R.Civ.P., provides in pertinent part that if a party fails to comply with a court's discovery order,

 the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

 (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

 (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

 (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

3. The corporations are Colyton Investment, Ltd. ("Colyton"), Trikora's principal in the transaction at issue, as well as Caribene Investments, Ltd. ("Caribene"), Grindale, Ltd. ("Grindale"), Tingley Ltd. ("Tingley") and Kessingland, Ltd. ("Kessingland").

Trikora argues that PNT's failure to comply with the court's discovery order as well as various delay tactics purportedly pursued by PNT make the sanctions Trikora seeks both available and appropriate under Rule 37.

In resisting the cross-motion for dismissal, Trikora asserts that PNT's non-compliance would justify the court in finding personal jurisdiction as a sanction under Rule 37. Alternatively, Trikora argues that PNT has purposefully established the requisite minimum contacts within this jurisdiction, both independently and as an agent of Colyton.

In opposition to the motion for sanctions, PNT argues that personal jurisdiction is absent and, consequently, the court lacks authority to impose sanctions. It further asserts that if it is found to be in non-compliance, the sanctions Trikora seeks are disproportionately severe under the circumstances of this case. As to Trikora's request that the court pierce the corporate veils of the alleged "owning corporations," PNT urges that the court may not take such action regarding those corporations not currently before the court.

In support of its cross-motion to dismiss Trikora's complaint for lack of *in personam* jurisdiction, PNT argues that it has no purposeful contacts in New York sufficient to convey personal jurisdiction upon the court.

## DISCUSSION

It is undisputed that PNT has failed to produce all of the information described in the court's December 4, 1989 order and Rule 37 therefore attaches. *Societe Internationale v. Rogers,* 357 U.S. 197, 78 S.Ct.

1087, 2 L.Ed.2d 1255 (1958); 8 Wright and Miller, Federal Practice & Procedure § 2283 at 762 (1970).[4] The question remains, however, whether the Rule 37 sanctions requested by Trikora may be imposed in this case and if so, whether they are appropriate. The court is constrained by both constitutional and equitable considerations in its application of Rule 37. *See generally,* 8 Wright and Miller, *supra* §§ 2283–2284.

■ PNT first argues that sanctions under Rule 37(b)(2) may only be imposed if the court has personal jurisdiction over the party that has refused compliance, relying upon the decision of the Fifth Circuit in *Familia de Boom v. Arosa Mercantil, S.A.,* 629 F.2d 1134 (5th Cir.1980). While this proposition is true as a technical matter,[5] it presents no impediment to the imposition of sanctions in this case.

■ In *Insurance Corp. of Ireland v. Compagnie Des Bauxites,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), the Supreme Court held that a finding of personal jurisdiction over a defendant for purposes of Rule 37 sanctions violates due process only if such jurisdiction is determined as a "punishment" for that party's non-compliance. *Id.,* 456 U.S. at 706, 102 S.Ct. at 2106 (citing *Hovey v. Elliott,* 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 (1897)). Where the court merely adopts the *presumption*—based on a defendant's non-compliance—that that party's factual allegations in opposition to personal jurisdiction are untrue, it does not offend constitutional "notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).[6]

---

**4.** As Wright and Miller have observed:
the holding of *Societe Internationale* is that a failure to respond to a court order to produce is a noncompliance, and brings Rule 37 into play, even though the failure could not have been avoided in good faith....
8 Wright and Miller, Federal Practice & Procedure § 2283 at 762 (1970).

**5.** Trikora argues that this holding of *Familia de Boom* was overturned by the Supreme Court in *Insurance Corp. of Ireland v. Compagnie Des Bauxites,* 456 U.S. 694, 102 S.Ct. 2099, 72

L.Ed.2d 492 (1982). As discussed *infra,* however, *Insurance Corp. of Ireland* does not directly challenge the principle that a court must have jurisdiction over a party in order to enforce a discovery order through Rule 37 sanctions.

**6.** Indeed, as the Supreme Court noted in *Insurance Corp. of Ireland,* 456 U.S. at 705 & n. 11, 102 S.Ct. at 2105 & n. 11, Rule 37(b)(2)(A) was rooted in the due process requirements articulated in *Hammond Packing Co. v. Arkansas,* 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530 (1909). *See*

 The chief practical distinction between the assertion of personal jurisdiction through a valid "presumption" as opposed to an unconstitutional "punishment" is that the former requires that the defendant's behavior in the transaction at issue support the presumption. *Insurance Corp. of Ireland, supra* 456 U.S. at 706, 102 S.Ct. at 2106. In other words, there must be some indication, either from the record or from the nature of the information withheld by the defendant, supporting a jurisdictional finding. While far from overwhelming, the information requested by Trikora and withheld by PNT provides such an indication.

The requested information speaks to the subject of PNT's contacts with New York, and therefore to the issue of personal jurisdiction. *International Shoe Co. v. Washington, supra* 326 U.S. at 316, 66 S.Ct. at 158. Request numbers five and six, for example, relate to the corporate structures of PNT and its principal, Colyton.[7] Because the court has previously determined that it has jurisdiction over Colyton, *Volkart Brothers v. M/V PALM TRADER, supra,* 88 Civ. 7527 (RLC) slip op. at 7, the withheld information is directly relevant to Trikora's argument that PNT and Colyton are effectively one entity for purposes of personal jurisdiction. *See Low v. Bayerische Motoren Werke, A.G.,* 88 A.D.2d 504, 506, 449 N.Y.S.2d 733, 735 (1st Dept.1982) (corporate interrelatedness germane to vicarious jurisdiction).

This information is unavailable due to PNT's disregard for the court's order. Moreover, nothing in the record factually contradicts the jurisdictional presumption. As in *Insurance Corp. of Ireland, supra,* plaintiff's "allegation that the court [has] personal jurisdiction over [defendant is] not a frivolous claim, and its attempt to use discovery to substantiate this claim [is] not,

therefore, itself a misuse of judicial process." 456 U.S. at 708. The court determines therefore that, based upon the presumed veracity of Trikora's factual allegations in this regard, the court possesses personal jurisdiction over PNT. *Insurance Corp. of Ireland, supra; Hammond Packing Co. v. State of Arkansas,* 212 U.S. 322, 352–53, 29 S.Ct. 370, 380–81, 53 L.Ed. 530 (1909).[8]

 Jurisdiction having been established, the court's actions pursuant to Rule 37 are still constrained by equitable considerations. Rule 37(b)(2) provides that the court may take such actions in response to the failure to comply with its discovery order "as are just" and, as PNT correctly notes, the reasons for a party's non-compliance are highly relevant to the sanctions, if any, to be imposed. *See, e.g., Societe Internationale, supra.* Specifically, a finding that a party "willfully" failed to comply with the court's discovery order is a prerequisite to the imposition of severe Rule 37 sanctions. *Id.*

 As to the requested documents, PNT attributes the paucity of materials it provided to (1) prior related litigation in South Africa; (2) the general average adjustment and arbitration in London; and (3) PNT's policy of relinquishing its principal's files at the close of the agency relationship. PNT offers no explanation, and none is evident to the court, of how the first two factors prevented its compliance in the case at bar. Consequently, they will be accorded no weight in this analysis. Regarding the third justification, this explanation is simply not credible since much of the requested information, such as a list of PNT's officers, directors and shareholders, is clearly within PNT's possession and control.

*also* Rule 37, Notes of Advisory Committee on Rules at 111.

7. PNT's argument that none of the documents requested by Trikora relate to the issue of corporate interrelatedness between PNT and the purported "owning" corporations is therefore inaccurate.

8. It should be noted that the court's acceptance of Trikora's "single entity" theory is limited to the narrow context of the court's *in personam* jurisdiction over PNT. The court does not here consider the interrelatedness of these corporate bodies for any other purpose.

As regards the requested witness, Captain Mavris, PNT provides no justification for his absence, stating rather brazenly that "PNT has not provided a witness to testify in New York as ordered by the Court and maintains that jurisdiction over it in New York does not exist." Memorandum in Opposition to Motion for Sanctions and in Support of Cross–Motion to Dismiss at 7. The instant opinion expressly rejects PNT's jurisdictional challenge, and in any event, the law is clear that a court has broad authority and discretion to compel discovery in order to facilitate determination of the jurisdictional issue. *Washington v. Norton Manufacturing, Inc.,* 588 F.2d 441, 443 (5th Cir.), *cert. denied,* 442 U.S. 942, 99 S.Ct. 2886, 61 L.Ed.2d 313 (1979); *Lehigh Valey Indus. v. Birenbaum,* 527 F.2d 87, 93 (2d Cir.1975). It is therefore no answer to the question of purposeful non-compliance that PNT continued to contest the court's jurisdiction over it.

It is evident that PNT's non-compliance was sufficiently "willful" to authorize the imposition of substantial Rule 37 sanctions. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976) (per curiam).[9]

Although, as the above discussion indicates, imposing a sanction of judgment against PNT would neither offend the Constitution nor abuse the court's discretion, to do so would be inequitable under the circumstances of this case. "Standing alone, a single pretrial violation ... would not ordinarily result in an imposition of a sanction of such finality as striking defendants' answer and entering judgment by default." *United States Freight Co. v. Penn Central Transportation,* 716 F.2d 954, 954 (2d Cir.1983) (per curiam) (citing *Link v. Wabash R.R.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

Therefore, the court will impose only such sanctions as are necessary to rebuke PNT's non-compliance and to facilitate Trikora's litigation of this case without the requested information.[10] Pursuant to the authority of Rule 37(b)(2)(A), the court shall deem paragraphs 14[11] and 17[12] of Trikora's Amended Complaint to be admitted by PNT and established for the purposes of this case. As an additional sanction, PNT is precluded from opposing Trikora's efforts to pierce the corporate veils of the purported "owning" corporations: Colyton, Caribene, Grindale, Tingley and Kessingland. *See Amway Corp. v. Shapiro Express Co.,* 83 Civ. 1655, slip op. at 19–20 (S.D.N.Y. June 29, 1984) (Owen, J.) (imposing similar sanctions). This determination applies only to PNT and does not affect the ability of the purported "owning" corporations to oppose piercing on

---

**9.** Contrary to PNT's assertions, the facts of this case are unlike those in *Societe Internationale, supra,* in which the Supreme Court reversed the dismissal of the petitioner's complaint, finding that "petitioner's failure to satisfy fully the requirements of this production order was due to inability fostered neither by its own conduct nor by circumstances within its control." 357 U.S. at 211, 78 S.Ct. at 1095. PNT provides no such justification for its disregard for the court's order.

**10.** Rule 37 contemplates flexible application tailored to the particular circumstances of each case. 8 Wright and Miller, Federal Practice and Procedure § 2284 (1970) at 764 ("The sanctions enumerated in the rule are not exclusive and arbitrary but flexible, selective, and plural. The court may, within reason, use as many and as

varied sanctions as are necessary to hold the scales of justice even.") (footnote omitted).

**11.** "Upon information and belief, defendant [PNT] obtained said insurance through the Newcastle Protection and Indemnity Club by materially misrepresenting the facts regarding the officers, directors, shareholders or beneficial owners of Colyton Investments, Ltd." Amended Complaint ¶ 14.

**12.** "Upon information and belief, the Newcastle Protection and Indemnity Club has declined coverage for any and all losses sustained by the vessel owners based upon defendant's material misrepresentation of the officers, directors, shareholders or beneficial owners of Colyton Investments, Ltd." Amended Complaint ¶ 17.

their own behalf.[13]

IT IS SO ORDERED.

---

**13.** Thus, the court need not address PNT's argument that the court lacks authority to pierce the corporate veils of corporations not currently before it.