917 F.2d 689
 18 Fed.R.Serv.3d 219
 UNITED STATES of America, Plaintiff-Appellee,
v.
Juan Carlos ALDECO and Betty Aldeco, Claimants-Appellants,
Certain Real Property and Premises Known as 63-29 Trimble
Road, Woodside, New York, Defendant-Appellant.
 Nos. 233, 234, Dockets 90-6081, 90-6083.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 27, 1990.
Decided Oct. 15, 1990.
As Amended Oct. 30, 1990.
 
 Juan Carlos Aldeco, Woodside, N.Y., pro se.
 Betty Aldeco, Alderson, W.Va., pro se.
 Warren D. Ausubel, Sp. Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., Robert L. Begleiter, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for plaintiff-appellee.
 Before LUMBARD, NEWMAN and ALTIMARI, Circuit Judges.
 JON O. NEWMAN, Circuit Judge:
 
 
 1
 Juan Carlos Aldeco and his wife, Betty Aldeco, appeal pro se from the December 11, 1989, judgment of the District Court for the Eastern District of New York (I. Leo Glasser, Judge) forfeiting to the United States their home as property that had been used to facilitate illegal drug transactions. 21 U.S.C. Sec. 881(a)(7) (1988). The judgment was entered by default as a sanction for appellants' failure timely to answer the Government's interrogatories. We conclude that under the circumstances of this case the sanction of a default judgment exceeded the normally broad discretion of a district court to enforce discovery obligations and therefore reverse the judgment of forfeiture. We affirm the award of attorney's fees.
 
 
 2
 The forfeiture action was begun on May 10, 1988, seeking forfeiture of the appellants' home in Woodside, New York. The property was alleged to have been used for drug transactions in violation of 21 U.S.C. Sec. 841 et seq. (1988). Betty Aldeco was subsequently convicted for conspiracy to distribute cocaine. See United States v. Aldeco, No. 89-1144 (2d Cir. July 24, 1989). On July 6, 1989, the Government served a set of interrogatories on counsel who had appeared for the Aldecos in the forfeiture action. On October 26, the Government moved pursuant to Fed.R.Civ.P. 37(d) for default judgment and an award of attorney's fees for failure to answer the interrogatories. Just prior to the November 17 return date of that motion, counsel for the Aldecos sought and was granted two additional weeks to answer the interrogatories. Counsel informed Judge Glasser that new counsel was expected to enter the case. When the responses were not produced by December 1, the extended deadline, and the expected substitution of counsel did not occur, Judge Glasser granted the Government's motion.
 
 
 3
 Thereafter the Aldecos unsuccessfully sought to vacate the default, tendering their interrogatory responses. They alleged that they had only recently received the interrogatories from their lawyer.
 
 
 4
 Though district courts retain broad discretion to enforce discovery obligations and may, in appropriate cases, use the extreme sanction of a default judgment, see National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam), "a single pretrial violation ... would not ordinarily result in an imposition of a sanction of such finality as striking defendants' answer and entering judgment by default." United States Freight Co. v. Penn Central Transportation Co., 716 F.2d 954, 954 (2d Cir.1983). On occasion, we have deemed sanctions to be in excess of allowable discretion. See Outley v. City of New York, 837 F.2d 587 (2d Cir.1988); Davis v. Musler, 713 F.2d 907 (2d Cir.1983); Merker v. Rice, 649 F.2d 171 (2d Cir.1981).
 
 
 5
 We believe that this is that rare case where a district judge, though understandably concerned that his granting of a discovery extension had proved unavailing, nevertheless acted precipitously in using the ultimate sanction of a default judgment. Unlike cases where such a sanction has been approved, e.g., United States Freight Co. v. Penn Central Transportation Co., supra, there was here no pattern of repeated discovery violations. Moreover, Mrs. Aldeco is incarcerated, and Mr. Aldeco wishes to assert an innocent owner defense. The subject of the forfeiture action is the defendants' home. Finally, though the Government is entitled to discovery, its need is not overwhelming in view of the evidence it must already have from its successful prosecution of Mrs. Aldeco and the minimal burden it bears in forfeiture actions. See United States v. Banco Cafetero Panama, 797 F.2d 1154 (2d Cir.1986).
 
 
 6
 We conclude that the award of attorney's fees was an appropriate sanction, but reverse the default judgment of forfeiture and remand for consideration of the merits.