**Robert C. MAGEE, Plaintiff,**

v.

**The PAUL REVERE LIFE INSURANCE COMPANY, Defendant.**

**CV 95–4574 ADS.**

United States District Court,
E.D. New York.

Feb. 10, 1998.

Westermann & Tyron by Michael D. Tryon, Garden City, NY, for plaintiff.

Windels, Marx, Davies & Ives by Thomas J. Mulligan, New York City, for defendant.

**MEMORANDUM OF DECISION
AND ORDER**

SPATT, District Judge.

**I. BACKGROUND**

The plaintiff, Robert C. Magee ("Magee" or "the plaintiff"), commenced this breach of

contract action against The Paul Revere Life Insurance Company ("the defendant" or "Paul Revere"), on November 7, 1995, under the Court's diversity jurisdiction, 28 U.S.C. Section 1332. The gravamen of the plaintiff's complaint is that Paul Revere breached a disability insurance policy (the "Policy"), issued to the plaintiff on November 7, 1988, by ceasing to make monthly payments allegedly due and owing him under the Policy. The plaintiff seeks compensatory and punitive damages, as well as declaratory relief. Plaintiff's First Amended Complaint also set forth causes of action for a violation of New York General Business Law Section 349, intentional infliction of emotional distress and prima facie tort. These causes of action were dismissed by a Decision and Order of this Court dated February 17, 1997. Paul Revere contends that it ceased payments after determining that Magee was no longer "permanently mentally disabled" within the meaning of the Policy.

Presently before the Court for review are two decisions of Magistrate Judge Michael L. Orenstein. The first is a Report recommending that the plaintiff's motion for leave to file a second amended complaint be denied. The second is a decision sanctioning Magee for repeated violations of discovery orders, by precluding his treating psychiatrist, Dr. Eugenio Tassy, from providing certain testimony at trial.

## II. JUDGE ORENSTEIN'S REPORT RECOMMENDING DENIAL OF THE PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

By an order dated June 5, 1997, the Court referred the plaintiff's motion for leave to file a second amended complaint to add a claim under the Federal Fair Credit Reporting Act, 15 U.S.C. Section 1681(q), to Judge Orenstein to issue a Report and Recommendation. By an oral Report, issued on July 22, 1997, Judge Orenstein recommended that the plaintiff's application be denied because it would "require significant additional discovery and a corresponding expenditure of resources by both parties and will further significantly delay resolution of this litigation."

(Transcript of July 22, 1997, at 15), None of the parties filed an objection to Judge Orenstein's Report and Recommendation.

Having reviewed Judge Orenstein's findings of fact and conclusions of law, and there being no objections filed to the Report and Recommendation, it is hereby adopted as the opinion of this Court. Accordingly, the plaintiff's motion for leave to file a Second Amended complaint is denied.

## III. JUDGE ORENSTEIN'S IMPOSITION OF SANCTIONS AGAINST THE PLAINTIFF FOR REPEATEDLY VIOLATING DISCOVERY ORDERS

### A. Background

i. *Judge Orenstein's Order Compelling the Plaintiff to Produce Dr. Tassy's Notes and Directing Dr. Tassy to Resubmit to a Deposition*

On or about October 3, 1996, the defendant served a subpoena on Dr. Eugenio Tassy, the plaintiffs treating psychiatrist and designated "expert witness," commanding him to appear for deposition at defense counsel's offices on October 28, 1996. The subpoena also directed the psychiatrist to produce "[all] original records and documents concerning Robert Magee in [your] possession." The plaintiff previously executed authorizations for the release of his records from Dr. Tassy. Thereafter, the parties agreed that Dr. Tassy's deposition would take place on November 27, 1996, and Judge Orenstein extended the deadline for completion of discovery until February 15, 1997.

When Dr. Tassy was deposed on November 27, 1996, he refused to produce ten to twelve pages of handwritten notes relating to his treatment of Magee after June 3, 1993. In response to defense counsel's questioning at the deposition, Dr. Tassy described the notes as follows:

Mr. Mulligan: What is your custom and practice with respect to preparing the notes that you just referred to? How do you go about preparing those notes?

Dr. Tassy: Take the patient report and then also my impression and the dynamic of the session.

Mr. Mulligan: Do you take those notes down while you're speaking with the patient?

Dr. Tassy: Sometimes, or sometimes after the session.

Mr. Mulligan: If it's after the session, is it generally very close in time after the time of the session?

Dr. Tassy: Yes.

Mr. Mulligan: After you write those notes what do you do with them?

Dr. Tassy: I ke[ep] them in the patient file and prepare them for the next session, go over them.

(Tassy Dep. at 31–32.) At the instruction of the plaintiff's counsel, Dr. Tassy refused to answer questions relating to his communications with the plaintiff at their therapy sessions.

On or about January 28, 1997, Paul Revere moved for an order compelling Dr. Tassy to produce his notes, and to appear for another deposition to answer the questions plaintiffs counsel had directed him to not answer. The plaintiff presented the following arguments in opposition to the defendant's application: (1) Magee's written authorization for the release of his medical records did not automatically entitle Paul Revere to Dr. Tassy's notes; (2) the notes were ultimately Dr. Tassy's property, not Magee's; (2) Dr. Tassy's personal notes are not discoverable "medical records"; (3) the notes are protected by the psychiatrist-patient privilege; and (4) according to the plaintiff's psychologist, Dr. Rashkin, disclosure of the notes "will be extremely detrimental to [his] health and will cause a substantial interference with [his] treatment." The defendant countered that the plaintiff waived any psychiatrist-patient privilege by putting his mental condition affirmatively in controversy, and by utilizing the advice and testimony of Dr. Tassy in support of his position that he is permanently disabled within the meaning of the Policy.

In an extensive Oral decision rendered on February 18, 1997, subsequently reduced to a written Order dated March 21, 1997, Judge Orenstein agreed with Paul Revere. The Judge concluded that since the plaintiffs mental condition is the overriding issue in this lawsuit, and the plaintiff executed an authorization permitting the defendant to obtain access to the medical records generated by Dr. Tassy, the plaintiff waived any protection enjoyed between psychiatrists and their patients. *See Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627 (E.D.N.Y.1997). In addition, Judge Orenstein found that Paul Revere was entitled to re-depose Dr. Tassy with respect to all information relied upon in diagnosing Magee. Since Dr. Tassy's deposition testimony reveals that he has utilized his notes in treating and diagnosing the plaintiff, Judge Orenstein ordered Magee to turn them over to the defense. As an alternative basis for his decision, Judge Orenstein observed that Dr. Tassy's deposition testimony demonstrates that he repeatedly consulted his notes at the deposition to refresh his recollection, and as such were discoverable under Rule 612 of the Federal Rules of Evidence. Accordingly, Judge Orenstein directed Magee to turn over Dr. Tassy's handwritten notes to Paul Revere within ten days of the oral Order (by February 28, 1997), and ordered that Dr. Tassy's supplemental deposition be conducted on either March 6 or 7, 1997.

The plaintiff did not appeal Judge Orenstein's decision.

ii. *Violations of Judge Orenstein's Discovery Order*

In a subsequent Order dated June 11, 1997, Judge Orenstein made the following factual findings with respect to the plaintiffs noncompliance with his March 21, 1997 Order compelling discovery: (1) Dr. Tassy never appeared for his second, court-ordered deposition; (2) in total, Dr. Tassy failed to appear for three scheduled depositions, the first being the one scheduled for March 7, 1997; (3) on March 27, 1997 Judge Orenstein held a conference, where he ordered the defendant to serve Dr. Tassy with a subpoena, and directed that Dr. Tassy's deposition be taken by May 15, 1997; (4) Dr. Tassy did not appear at the deposition the parties scheduled for April 11, 1997; (5) Dr. Tassy again failed to appear at the rescheduled deposition on May 2, 1997; (6) on one occasion, Dr. Tassy contacted counsel to ask that the deposition be rescheduled from 9:30 a.m. to 2:00

p.m., and although the attorneys obliged, Dr. Tassy nevertheless failed to appear; and (7) on two other occasions, Dr. Tassy promised counsel he would attend the deposition, then simply failed to appear; (8) the plaintiff never turned over Dr. Tassy's notes relating to his treatment after June 3, 1993.

Thereafter, the defendant moved Judge Orenstein for an order precluding Dr. Tassy's trial testimony and granting a missing treating psychiatrist charge at trial.

iii. *Judge Orenstein's Order Precluding Dr. Tassy's Trial Testimony With Respect to his Treatment and Diagnosis of Magee After June 3, 1993*

When the parties appeared for oral argument before Judge Orenstein on June 11, 1997, plaintiff's counsel stated that despite earlier representations to the contrary, Dr. Tassy had not been retained as an expert witness, but rather, merely as a treating physician (Transcript of June 11, 1197, at 7–8). Plaintiffs counsel also stated that the reason why Dr. Tassy's notes relating to Magee's treatment after June 3, 1993 had not been turned over was because they were not in Magee's "possession."

By an oral Decision rendered that day, Judge Orenstein held as follows:

> Clearly, ... Dr. Tassy's conduct makes it very clear that he is not going to appear as an expert witness in this case. [He] ... has refused to appear for depositions on three occasions ... [and] fail[ed] to twice pursuant to served subpoenas.
>
> He was clearly identified [by the plaintiff] not once, but twice, as an expert witness. And because of that failure to appear and the plaintiffs failure to produce him as an expert for deposition, clearly reflects [that] the sanction of precluding his testimony as an expert witness is warranted by the overwhelming evidence that has been presented to the Court and to the various communications that have been referred to in the affidavits in support of the motion[to preclude his testimony].
>
> . . . .
>
> So, consequently, Dr. Tassy has a problem. He may appear [at trial] and testify with regard to any matters that he was

(questioned about) at the November 18, 1996 deposition, but since he has failed miserably in his professional duties and obligations as a treating physician for his conduct and his failure to turn over the notes to the plaintiff and the defendant, after directed to do so upon court order, he is precluded from testifying as to any treatment that he rendered after June 3, 1993.

> The notes, as I understand it, the handwritten notes [that] were turned over at ... or prior to the deposition [related to treatment that the doctor] rendered prior to June 3, 1993.

(Decision of June 11, 1997, at 9–10, 12). Judge Orenstein declined to rule on the defendant's motion for a missing witness charge, instead deferring the matter to this Court.

The plaintiff does not object to that aspect of Judge Orenstein's sanction which precluded Dr. Tassy from testifying as an expert witness at trial, and the defendant does not appeal from Judge Orenstein's refusal to entertain the application for the missing treating psychiatrist charge. Thus, the only issue presented to the Court is Judge Orenstein's preclusion of Dr. Tassy's testimony as treating psychiatrist with respect to his care of the plaintiff after June 3, 1993.

## B. Standard of Review

Fed.R.Civ.P. 72 governs this Court's review of Magistrate Judge Orenstein's Order precluding Dr. Tassy's trial testimony regarding his treatment of the plaintiff after June 3, 1993. Rule 72(a) provides, in relevant part:

> **(a) Nondispositive Matters.** A magistrate judge to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written order setting forth the disposition of the matter.... The district judge to whom the case is assigned shall consider ... objections and shall modify or set aside any portion of the magistrate judge's order

found to be clearly erroneous or contrary to law.

Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A)(providing for the same deferential standard of review of nondispositive matters).

■ Accordingly, pursuant to Fed.R.Civ.P. 72(a), "[a] magistrate [judge] . . . may issue orders regarding nondispositive pretrial matters. The district court reviews such orders under the 'clearly erroneous or contrary to law' standard." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir.), *cert. denied*, 498 U.S. 846, 111 S.Ct. 132, 112 L.Ed.2d 100 (1990); *see also Popular Imports, Inc. v. Wong's Int'l, Inc.*, 166 F.R.D. 276, 277 (E.D.N.Y.1996) ("Pretrial discovery questions are generally considered nondispositive and are thus reviewed under this 'clearly erroneous' standard"). A Magistrate Judge's imposition of discovery sanctions is reviewed under the "clearly erroneous or contrary to law" standard unless the sanction itself can be considered dispositive of a claim. *See Thomas E. Hoar, Inc.*, 900 F.2d at 525–26 (holding that sanctions imposed by magistrate judge for discovery abuses are nondispositive). Given the parties' concession that the plaintiff's appeal of Judge Orenstein's June 11, 1997 order addresses a nondispositive discovery issue, the Court will apply this deferential standard of review.

### C. Imposition of Sanctions Pursuant to Fed.R.Civ.P. 37

Fed.R.Civ.P. 37 provides in relevant part:

**(b) Failure to Comply With Order**

. . .

**(2) Sanctions by Court in Which Action is Pending.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discover, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any party thereof, or rendering a judgment by default against the disobedient party;

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

. . .

**(d) Failure of Party to Attend at Own Deposition or Serve answers to Interrogatories or Respond to request for Inspection.** If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with proper notice . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

. . .

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

Fed.R.Civ.P. 37.

The Second Circuit repeatedly has emphasized that Rule 37 empowers the courts with broad discretion to impose sanctions of suffi-

cient severity to deter misconduct during discovery. Thus, in *Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir.1989), the Court noted that a standard that unduly discouraged courts from imposing harsh sanctions would reduce Rule 37 to a mere "paper tiger" that could produce compliance only when the parties were backed against the wall. *See also Update Art, Inc. v. Modiin Publishing, Ltd.*, 843 F.2d 67, 71, 73 (2d Cir.1988); *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir.1979). It is for this reason that rulings under Rule 37 are reviewed by the Court of Appeals under the modest standard of abuse of discretion. *Sieck*, 869 F.2d at 134.

■ In light of these cases, the Court finds that Judge Orenstein's decision to sanction the plaintiff was not clearly erroneous or contrary to law in violation of the Fed. R.Civ.P. 37. In the Court's view, the plaintiff's failure to turn over Dr. Tassy's notes relating to the psychiatrist's treatment after June 3, 1993, in direct contravention of Judge Orenstein's March 21, 1997 Order, would, in and of itself, justify the sanction of precluding Dr. Tassy's testimony relating to the undisclosed notes. However, when coupled with the plaintiff's failure to produce Dr. Tassy for deposition on three occasions over the course of several months, despite the witness having been lawfully subpoenaed, despite Judge Orenstein's order compelling his testimony, despite defense counsel making reasonable accommodations to the doctor's schedule, and despite Judge Orenstein repeatedly extending the discovery deadline, the sanction was not merely warranted, but virtually required. Indeed, an even harsher result may have been appropriate in the face of such flagrant violations of the Judge's March 21 Order. Judge Orenstein commendably imposed a relatively modest sanction limited to that portion of the doctor's testimony regarding the undisclosed notes and related deposition testimony.

■ The Court rejects Magee's assertion that Judge Orenstein's March 21, 1997 Order compelling the plaintiff to produce Dr. Tassy for deposition and to turn over the psychiatrist's notes, is objectionable because the doctor is not within his control, and because the doctor's notes are privileged, outside his control and non-discoverable. Magee waived these contentions by failing to appeal Judge Orenstein's March 21 Order. Fed.R.Civ.P. 72(a). Moreover, Rule 37 expressly provides that sanctionable conduct may not be excused "on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)," which the plaintiff did not do here. Regardless, this Court agrees with Judge Orenstein's decision that "Having placed his mental condition in issue and sought Dr. Tassy's testimony with respect to that condition, [Magee] has waived any protection enjoyed under New York law between psychiatrists and their patients.... [The d]efendant is entitled to question Dr. Tassy with respect to all information relied upon in diagnosing [Magee, including the] notes." *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. at 637.

■ Finally, the Court rejects the plaintiff's unsupported contention that "Fed. R.Civ.P. 45 is the exclusive remedy available to Paul Revere in this case[because] Dr. Tassy is a non-party who failed to obey a subpoena." (Plaintiffs Objection, at 21). While Rule 45 may set forth the exclusive remedy for sanctioning *Dr. Tassy* for his failure to appear at the depositions, it does not follow that the plaintiff may not also be sanctioned for his failure to produce this key witness. Regardless, the plaintiffs contention is contradicted by the plain language of Rule 37, which provides that a party may be sanctioned for a non-party witness' failure to testify under two provisions: (1) under Rule 37(a), where the witness who has been designated to testify defies a court order compelling the deposition; and (2) under rule 37(d), where a witness designated to testify as to specific matters fails to appear for the deposition after being served with proper notice. *See Basch v. Westinghouse Elec. Corp.*, 777 F.2d 165 (4th Cir.1985)(upholding imposition of sanction of precluding physician from testifying as expert and limiting his testimony to that of fact witness), *cert. denied*, 476 U.S. 1108, 106 S.Ct. 1957, 90 L.Ed.2d 365 (1986); *Volkart Bros., Inc. v. M/V "PALM TRADER"*, 130 F.R.D. 285 (S.D.N.Y.1990) (willful

violation of discovery order by vessel owner's agent by failing to produce witness for deposition justified deemed admission of paragraphs and prohibiting opposition to charterer's efforts to pierce corporate veils of vessel's purported owners).

The Court has reviewed the plaintiffs remaining contentions and finds that they are without merit.

## IV. CONCLUSION

Having reviewed the minutes of the Report and Recommendation of United States magistrate Judge Michael L. Orenstein set forth on the record of these proceedings dated July 22, 1997, and all papers submitted relevant to the plaintiffs appeal of the June 11, 1997 Order of Judge Michael L. Orenstein, and for the reasons set forth above, it is hereby

**ORDERED,** that the oral Report and Recommendation of United States Magistrate Judge Michael L. Orenstein in this matter, issued on July 22, 1997, recommending that the plaintiff's motion for leave to file a second amended complaint be denied, is adopted as the decision of the Court; and it is further

**ORDERED,** that the Order of United States Magistrate Judge Michael L. Orenstein dated on June 11, 1997, is affirmed in all respects; and it is further

**ORDERED,** that the parties are directed to appear before the Court at 9:00 a.m. on March 4, 1998, for a pretrial conference and to set a date for jury selection.

SO ORDERED.