AMERICAN INTERNATIONAL
TELEPHONE, INC.,
Plaintiff,

v.

MONY TRAVEL SERVICES, INC. f/k/a Money Travel Services, Inc., Carlos Duran, Sr., and Mony Travel Services of Florida, Inc., f/k/a Money Travel Services of Florida, Inc., Defendants.

No. 99 Civ. 11581(CM).

United States District Court,
S.D. New York.

Oct. 12, 2001.

**154**

Bruce C. Fox, Window Rock, AZ.

Francis X. Markey, Washington, DC.

## MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS AND PRE-TRIAL SCHEDULING ORDER

McMAHON, District Judge.

Plaintiff American International Telephone Inc. ("AIT") moves for sanctions against defendant Carlos Duran, Sr., who has failed to comply with a prior order of this Court to appear for a deposition. The motion is granted, and the sanction awarded is the granting of plaintiff's request for a finding that Duran was properly served with the second amended complaint on April 28, 2001.

A complete summary of the events that led to the filing of this motion is set forth in the Court's order dated September 4, 2001. Briefly, on February 28, 2001, I granted plaintiff leave to file a second amended complaint in this action, one that added Mony Travel of Florida and Mr. Duran as defendants. Mr. Duran had been deposed in this

action a year earlier, and gave his home address as 1717 Bayshore Drive, Miami, Florida. Substituted service of the second amended complaint was effected on him at that address on April 28, 2001, well within the 120 days permitted by Fed.R.Civ.P. 4. A copy of the complaint was also left with a person of suitable age and discretion at a second Miami address, 735 N.W. W. 22nd Avenue. Duran did not respond to the complaint.

On July 3, 2001, plaintiff moved for entry of a default judgment. Duran opposed the motion, contending that he had moved from 1717 North Bayshore Drive on March 31, 2001 and thus had no knowledge of the lawsuit against him. Despite the fact that Duran's alleged move occurred after this Court said he could be sued, and after counsel for Mony were provided with a copy of the second amended complaint. I denied the motion for entry of a default judgment. On July 10, 2001, I granted 45 days for discovery relating to service of process. That period expired on September 10, 2001.

Duran's deposition was noticed on August 14, 2001. Defendants immediately made a frivolous motion for a protective order, on the ground that he had already been deposed. Of course, it was because Duran was now taking a position at variance with testimony he gave at that earlier deposition that I had granted leave to take discovery on jurisdictional issues. Thus, there was no valid ground for the motion. On September 4, I denied it, telling the parties to get the deposition done. I waived the September 10 deadline should it prove necessary.

Duran did not show up for his deposition prior to the September 10 deadline. Nor has he shown up since then. He now invokes the events of September 11 as a reason for refusing to schedule his testimony for any location in the United States, and seeks to have his deposition taken at his home in the Dominican Republic, or by telephone. Plaintiff moves for sanctions. Specifically, it seeks an order deeming the issue of service to be resolved in its favor.

In July, this Court ordered Duran to submit to deposition by September 10. Duran delayed his appearance beyond that date by making a motion that can only be described

as frivolous. Thus, Duran's own conduct, and nothing else, made it impossible for plaintiff to depose him prior to September 11. His travel problem is of his own making.

Duran's counsel now suggests that he should be deposed by telephone from his alleged residence in the Dominican Republic. Putting aside the fact that counsel neglected to apply to the Court for permission to take a telephonic deposition,[1] this solution is highly impractical. While defense counsel seems to believe that it would be eminently reasonable for everyone to agree to a telephone deposition, plaintiff's counsel has a well-founded reason to feel otherwise: namely, that Duran's English is imperfect and he is difficult to understand under ideal circumstances, let alone over the phone.[2] Moreover, either taking a telephone deposition or moving the examination to the Dominican Republic would require that at least someone (a court reporter, a lawyer) be flown to the Dominican Republic in order to administer the oath, show the witness exhibits, etc. The Court can perceive no reason why Duran' alleged fear of flying should require someone else to take to the skies, especially since it is a newly-acquired fear (post-September 11), and would have been irrelevant had Duran complied with the Court's order and appeared for his deposition instead of making his frivolous motion.

Duran suspiciously absented himself from his prior address only after learning that he was about to be sued. He has challenged the effectiveness of service of process on him, even though process was left at the address he swore was his home, but he has refused to obey a lawful order of this Court to appear for deposition on the subject of his residence. Despite his knowledge of the order, Duran has refused to submit to questioning in the United States, and his counsel has unilaterally asserted that Duran will not appear for his deposition, as ordered. In the circumstances, sanctions are warranted.

■ The Court finds that the appropriate sanction is the one requested by plaintiff: to resolve the issue of the propriety of service of process against Duran. *Volkart Brothers, Inc. v. M/V "PALM TRADER,"* 130 F.R.D. 285, 288–89 (S.D.N.Y.1990) (noting that a sanction of personal jurisdiction does not offend "notions of fair play and substantial justice" where a court adopts the presumption, based on defendant's non-compliance, that a party's factual allegations in opposition to personal jurisdiction are untrue). Accordingly, the Court finds that service of process was indeed effected on Duran on April 28, 2001, when a process server left a copy of the complaint with the doorman at 1717 North Bayshore Drive, Miami, Fla. The Court finds that 1717 North Bayshore Drive, Miami, Fla., was at the time of service and at all relevant times Duran's place of residence.

This means that Duran is presently in default. The Court grants him ten (10) days from the date of this order to file an answer to the second amended complaint. The deadline is Monday, October 22, at 5 PM. If the answer is not timely filed, the Court will enter an order granting judgment by default in favor of plaintiff.

■ Plaintiff also has requested reimbursement for fees incurred in the making of this motion. The Court finds that this is a necessary and proper aspect of sanctions in this case, and assesses sanctions in the sum of $1,049.50, which the Court finds to be the fair and reasonable cost of preparing the instant motion. While AIT asks that Mony Travel of Florida be made to bear its attorneys' fees, the Court notes that the sanctionable conduct was not committed by the corporation, but by Duran. Therefore, sanctions are assessed against him personally. Sanctions must be paid by certified check, made out to the law firm of Klett Rooney Lieber & Schorling. Payment is due on Monday, October 22, at 5 PM.

The Court directs that all discovery necessitated by the second amended complaint be completed by December 21, 2001. This deadline will not be extended. The Court directs that any deposition required be taken

---

1. Telephone depositions may be taken only by leave of the Court unless both parties agree. Fed.R.Civ.P. 30(b)(7).

2. This observation does not, as plaintiff suggests, denigrate the telephone service in the Dominican Republic; rather, it accurately reflects something the Court has often found to be true—namely, that it can be harder to understand someone over even the best of telephone lines.

in the United States of America. Any unnecessary deposition noticed by either party will subject that party to sanctions. So that the Court's deadline can be complied with, all discovery must be noticed (that is, notices of deposition, requests for documents, requests to admit, etc.) by November 8, 2001. Any objections or applications for protective orders must be lodged with the Magistrate Judge in writing by November 15, 2001. The Magistrate Judge is directed to resolve any discovery disputes by November 21, 2001.

The parties are directed to file a joint final pre-trial order by January 4, 2001, together with all papers needed to take this case to trial. Making a motion for summary judgment will not extend that date. If any *in limine* motions are made, responses must be filed by January 11, 2001. The final pre-trial conference will be held within 30 days thereafter, and the case will be put at the head of the trial calendar.

None of the above dates will be changed.

This constitutes the decision and order of the Court.