869 F.2d 131
 13 Fed.R.Serv.3d 67
 Maryanne SIECK, Plaintiff-Appellee,
v.
Richard RUSSO and James A. Russo, individually and d/b/a
Marine Trading & Promotions Corp., Marine Trading &
Promotions Corp., Marine Trading International, Inc., and
Rita Russo, Defendants-Appellants.
 No. 709, Docket 88-7853.
 United States Court of Appeals,
Second Circuit.
 Argued Jan. 27, 1989.
Decided Feb. 23, 1989.
 
 Kenneth G. Poller, Englewood Cliffs, N.J. (Wurtzel & Poller, Englewood Cliffs, N.J., of counsel), for plaintiff-appellee.
 E. George Nyberg, Yonkers, N.Y. (Leahy, Nyberg, Bovine & D'Apice, Yonkers, N.Y., of counsel), for defendants-appellants.
 Before PRATT and ALTIMARI, Circuit Judges, and SAND, District Judge.*
 ALTIMARI, Circuit Judge:
 
 
 1
 Defendants-appellants Richard Russo, James A. Russo, Rita Russo, Marine Trading & Promotions Corp., and Marine Trading International, Inc. appeal from default judgments and from a subsequent order denying their motion to set aside the judgments under Fed.R.Civ.P. 60(b) entered in the United States District Court for the Southern District of New York (Goettel, J.). The dispute which brought the defendants before the district court involves a failed business deal between the defendants and plaintiff-appellee Maryanne Sieck. In her complaint filed in the district court, Sieck alleged that the defendants fraudulently induced her to enter into a contract, breached the contract, and violated provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sec. 1961 et seq. (1982 & Supp. IV 1986). After the defendants repeatedly failed to appear for scheduled depositions as ordered by the court, the district court entered default judgments in the amount of $1 million against all defendants.
 
 
 2
 On August 3, 1988, defendants filed a motion in the district court to set aside the default judgments pursuant to Fed.R.Civ.P. 60(b) on the grounds that fraud had been committed upon the court, and new evidence had been discovered. The district court denied the motion. On this appeal the defendants contend first, that the granting of default judgments was too severe a penalty for missing deposition dates, and second, that the district court erred in not reopening the default judgments. For the reasons set forth below, we affirm the judgment of the district court.
 
 BACKGROUND
 
 3
 On February 12, 1986, plaintiff Maryanne Sieck entered into a contract with defendant Richard Russo who was purportedly acting on behalf of co-defendant Marine Trading & Promotions Corp. ("Marine"). The contract called for Sieck to tender $1 million to Marine. In exchange, Marine agreed, inter alia, to issue a $1 million promissory note to Sieck and arrange a $500 million arbitrage loan to her from lenders named in the contract. Defendants Richard and James Russo were the sole stockholders and officers of Marine. From the record it is unclear whether Marine was still in existence at the time the contract was entered into between Sieck and Richard Russo.
 
 
 4
 In her complaint filed in the district court, Sieck asserted that although she paid $1 million to Marine, the $500 million loan was never arranged. She further alleged that the defendants never intended to perform any of their obligations under the contract or to repay any part of the $1 million they received from her. Sieck sought recovery of the $1 million, plus treble damages under the RICO statute, punitive damages, and other speculative damages including profits that may have been realized had the contract been fully performed.
 
 
 5
 Plaintiff served defendants with a notice of deposition on December 4, 1987, pursuant to which depositions were to be conducted according to the following schedule: Richard Russo, January 27, 1988; James Russo, January 29; Rita Russo, February 3; and Marine, February 5. None of the defendants, however, appeared on the scheduled dates, or on subsequent dates agreed to by counsel. Thereafter, the district court ordered each of the defendants to appear for deposition on a specified date. The order included the warning that a default judgment in the full amount sought by plaintiff could be entered against any defendant who did not appear. All of the defendants failed to appear on the ordered dates.
 
 
 6
 Subsequently, plaintiff filed a motion, pursuant to Fed.R.Civ.P. 37(b)(2)(C), seeking the entry of a default judgment in accordance with the warning contained in the district court's order. The court declined to enter a default judgment, but instead imposed a sanction of $2,000. The court again ordered each defendant to appear on a specified date and emphatically warned the defendants that if they failed to appear "a default judgment will be entered against them."
 
 
 7
 Nevertheless, Richard Russo, the first of the defendants scheduled to appear, defied the order and did not appear. Accordingly, on April 18, 1988, a default judgment in an amount equal to the plaintiff's $1 million out-of-pocket loss was entered against him. Despite the entry of this judgment and the court's repeated warnings, the remaining defendants also failed to appear as ordered. Consequently, on April 25th, a $1 million default judgment was entered in the district court against them.
 
 
 8
 Thereafter, defendants filed a motion seeking to set aside the default judgments pursuant to Fed.R.Civ.P. 60(b). Defendants asserted that the judgments should be set aside because they were the result of a fraud upon the court committed by plaintiff and because an investigator hired by the defendants had discovered new evidence revealing this fraud. Judge Goettel denied the motion on September 2, 1988.
 
 DISCUSSION
 
 9
 In Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 73 (2d Cir.1988), we "emphasize[d] the importance we place on a party's compliance with discovery orders," and we warned that "[a] party who flouts such orders does so at his peril." Although we then viewed our decision as "strong medicine," id., today we find it necessary to renew the prescription.
 
 
 10
 Defendants contend that entry of a default judgment is too severe a sanction for failing to appear for deposition. Specifically, they argue that the district court abused its discretion by not imposing "softer sanctions." This argument, however, ignores both the clear language of Rule 37 of the Federal Rules of Civil Procedure and the cases dealing with its application.
 
 
 11
 Fed.R.Civ.P. 37(b)(2)(C) provides that when a party fails to comply with a discovery order, a court may "render[ ] a judgment by default against the disobedient party." Rule 37 also provides a range of sanctions less harsh than the entry of a default judgment. The mere availability of softer sanctions, however, does not bar a court from imposing the default sanction. As the Supreme Court recognized,
 
 
 12
 here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.
 
 
 13
 National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976). Were we to adopt a position that overly inhibits the imposition of the harsher sanctions authorized by Rule 37, we would turn the rule into a "paper tiger." Update Art, 843 F.2d at 71. Thus, we would "encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall." Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir.1979). Therefore, when reviewing a district court's imposition of a sanction, the question is not whether this court, as an original matter, would have applied the same sanction, but whether the district court abused its discretion. See Update Art, 843 F.2d at 71; Paine, Webber, Jackson & Curtis, Inc. v. Inmobiliaria Melia de Puerto Rico, Inc., 543 F.2d 3, 6 (2d Cir.1976).
 
 
 14
 In this case, the defendants were aware of, and consciously absented themselves from, the scheduled depositions. When the district court then ordered the defendants to appear, they did not appear. When Judge Goettel imposed a soft sanction and again ordered the defendants to appear, the defendants again elected to defy the order. Not surprisingly, the district court entered judgments of default against the defendants, as it warned that it would. Defendants now complain that the district court abused its discretion because softer sanctions than a default judgment were available. This argument fails to take into account that when soft sanctions were imposed, the defendants continued to defy the court. In effect, the defendants' argument is that somewhere between the imposition of a $2,000 fine and the entry of a $1 million default there exists a sanction that would have convinced them to appear for deposition. Apparently, defendants perceive that the function of a reviewing court is to search, like Goldilocks, for a sanction that is not too hard, not too soft, but one that is just right. We, however, prefer to play the other role in that story, and provide the teeth to enforce discovery orders by leaving it to the district court to determine which sanction from among the available range is appropriate. After reviewing the record, we have no doubt that the entry of default judgments against each of the defendants was an entirely proper exercise of the court's discretion. See United States Freight Co. v. Penn Central Transp. Co., 716 F.2d 954 (2d Cir.1983); Inmobiliaria, 543 F.2d at 3.
 
 
 15
 We now turn to the defendants' contention that the district court abused its discretion by not reopening the default judgments under Fed.R.Civ.P. 60(b). Defendants assert that newly-discovered evidence reveals that the judgments entered in the district court were obtained as a result of fraud upon the court. Specifically, defendants argue that plaintiff obtained $1 million to pay the defendants by defrauding various people not involved in the instant case, and consequently it was fraud upon the court for plaintiff to use the court "to obtain monies from defendants that did not belong to her in the first place." We disagree.
 
 
 16
 Appellate review of a decision to grant or deny relief under Rule 60(b) is restricted to determining whether the trial court abused its discretion. Kotlicky v. United States Fidelity & Guar. Co., 817 F.2d 6, 8 (2d Cir.1987); Daily Mirror, Inc. v. New York News, Inc., 533 F.2d 53, 56 (2d Cir.), cert. denied, 429 U.S. 862, 97 S.Ct. 166, 50 L.Ed.2d 140 (1976). As we have recently stated, " 'fraud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication." Gleason v. Jandrucko, 860 F.2d 556, 558 (2d Cir.1988). In this case, each side has accused the other of committing fraud. These accusations, however, relate to the underlying cause of action and in no way rise to the level of a fraud upon the court. Accordingly, the district court did not abuse its discretion by denying defendants' motion to set aside the judgment.
 
 CONCLUSION
 
 17
 For all of the foregoing reasons, the default judgments and the order denying defendants' motion to set aside the judgment are affirmed.
 
 
 
 *
 The Honorable Leonard B. Sand, United States District Court for the Southern District of New York, sitting by designation