**JOHN HANCOCK LEASING CORPORATION, Plaintiff,**

v.

**LUIS ELECTRICAL CONSTRUCTION CORP., et al., Defendants.**

**No. 88 Civ. 0025 (JMW).**

United States District Court, S.D. New York.

March 6, 1989.

Marc L. Hamroff, Moritt & Hock, P.C., Hempstead, for plaintiff.

Michael J. DeZorett, New York City, for defendant Steinway.

MEMORANDUM AND ORDER

WALKER, District Judge:

Currently pending before this Court is a motion for a protective order, pursuant to

Fed.R.Civ.P. 26(c), brought by defendant Steinway Electrical & Electronic Distribution Corporation ("Steinway"). In addition to opposing this motion, plaintiff's counsel, Marc Hamroff, by affidavit dated September 20, 1988 ("the Hamroff Affidavit"), directed this Court's attention to a separate issue that had been raised at the premotion conference. In his affidavit, Hamroff sets forth the Court's direction to Steinway to answer plaintiff's set of interrogatories and to respond to the document production request as soon as possible, and before the Court's consideration of the motion for a protective order, upon the understanding, shared by all, that those interrogatories and document production request were unrelated to the requested protective order.

## DISCUSSION

### A. *Plaintiff's outstanding discovery requests:*

█ Steinway did not respond to the Hamroff Affidavit. Two weeks ago, this Court contacted counsel for defendant Steinway to give Steinway an opportunity to respond before this Court's consideration of the motion, an opportunity that, to date, Steinway had chosen not to pursue. Counsel assured the Court that he would review the case and would call back later that day. Counsel failed to do so. Nor did counsel return either of two subsequent calls, made on successive days, despite messages which clearly indicated that the Court intended to rule on the underlying motion and the matters addressed in the Hamroff Affidavit. By letter dated February 28, 1989, this Court reviewed the history of this matter and advised Steinway's counsel that "[i]f this Court does not hear from you on or before Friday, March 3, your client will have waived any objections it might have to [the Hamroff] affidavit." To date, this Court has not heard from Steinway or its counsel. The only conclusion available is that defendant Steinway has wilfully ignored this Court's previous direction, made at the pre-motion conference, to respond to plaintiff's interrogatories and document production request.

The Hamroff affidavit requests entry of judgment as requested in its complaint. In the alternative, plaintiff asks this Court to order that its discovery requests be answered forthwith. Given the Court's February 28 letter, Steinway is on notice that it can be deemed to have waived any objections it might have to plaintiff's request for judgment on its complaint. Plaintiff seeks $557,028.26 in damages from Steinway, in addition to punitive damages of $2,000,000. Mindful of the significant amount of money involved in this case, the Court will not—at this time—enter a default judgment in plaintiff's favor. Instead, the Court hereby orders Steinway to respond to the discovery requests attached to and discussed in the Hamroff Affidavit within seven days of the date of this Order.

Neither defendant nor its attorney has offered an explanation, let alone a reasonable one, for Steinway's failure to follow the Court's direction as described in the Hamroff Affidavit, despite being given ample opportunity to do so. Accordingly, and pursuant to Fed.R.Civ.P. 37(d), this Court orders Steinway and its attorney, Michael DeZorett, to pay plaintiff reasonable attorney's fees for its preparation and service of the Hamroff affidavit. Plaintiff has seven days from the date of this Order to submit its request for fees to this Court for its approval.

If Steinway does not comply with this Order, a default judgment will be entered in plaintiff's favor. The Court directs Steinway to *Sieck v. Russo*, 869 F.2d 131 (2d Cir.1989), in which the Second Circuit affirmed a district court's entry of default judgment in the amount of $1,000,000 against the defendants. *See id.* at 134 ("We [ ] prefer to ... provide the teeth to enforce discovery orders by leaving it to the district court to determine which sanction from among the available range is appropriate.")

### B. *Defendant's motion for a protective order:*

█ The only two cases cited by Steinway in support of its motion for a protective order are inapposite; neither involves

an *application* for such an order. *See Palmieri v. State of New York*, 779 F.2d 861 (2d Cir.1985); *Martindell v. International Telephone & Telegraph Corp.*, 594 F.2d 291 (2d Cir.1979). Rather, they stand generally for the proposition that civil protective orders—already in place—can be enforced against criminal subpoenas.

In seeking a protective order, the burden remains on defendant Steinway. Rule 26(c) speaks of "good cause shown." *See also United States v. Hooker Chemicals & Plastics Corp.*, 90 F.R.D. 421 (W.D.N.Y. 1981). Defendant has not provided the requisite specificity for a protective order. Steinway neither indicates which information should be sealed, nor does it adequately show *why* such information should be sealed. It merely asserts that "all disclosure by defendant Steinway" be sealed to protect Steinway "from having to create evidence which could be used to [its] detriment in a pending criminal proceeding." DeZorett Aff. at 3. Steinway has submitted copies of two subpoenas it received from the Queens District Attorney, with which "Steinway has complied in significant part." DeZorett Aff. at 2. It remains unclear what further information it seeks to keep from the District Attorney.

Moreover, defendant has not been indicted. Nor has defendant made an adequate showing that it is even a target of an ongoing grand jury investigation. Instead, counsel for defendant asserts only that "[c]riminal counsel for Steinway has advised me that Steinway and its principals are 'targets' of at least one [ ] investigation[ ] ... and this fact was related to him by the prosecutor." DeZorett Aff. at 2. However, defendant's unnamed "criminal counsel" has failed to submit an affidavit to that effect. Furthermore, defendant has not addressed the availability of the Fifth Amendment, nor has it explained why the Fifth Amendment will not adequately protect defendant's interests.

## CONCLUSION

Defendant's motion for a protective order is denied. Defendant has seven days from the date of this Order to respond to the discovery requests discussed in the Hamroff Affidavit. Failure to comply with this order will result in the entry of a default judgment against Steinway. Plaintiff's counsel has seven days from the date of this Order to submit an application for reasonable fees to cover the preparation and service of the Hamroff Affidavit.

SO ORDERED.