**JORDAN INTERNATIONAL COMPANY OF DELAWARE, Plaintiff,**

v.

**M.V. "CYCLADES," her engines, tackle, boilers, etc., Forward Marine, Inc., and Thalassa Shipping, Ltd., Defendants.**

**THALASSA SHIPPING, LTD., Defendant and Third-Party Plaintiff,**

v.

**MAHER TERMINALS, INC., and Coil King Steel Haulers, Inc., Third-Party Defendants.**

**No. 89 Civ. 614 (RPP).**

United States District Court, S.D. New York.

Jan. 21, 1992.

Kirlin, Campbell & Keating, New York City by Kevin J. Hartmann, for defendant Forward Marine, Inc.

Healy and Baillie, New York City by Jeremy O. Harwood, for defendant, third-party plaintiff Thalassa Shipping, Ltd.

## OPINION AND JUDGMENT

ROBERT P. PATTERSON, Jr., District Judge.

Defendant Forward Marine, Inc. ("Forward") moves pursuant to Rules 37 and 55 of the Federal Rules of Civil Procedure for judgment against Thalassa Shipping, Ltd. ("Thalassa"). For the reasons set forth below, Forward's motion is granted.

## BACKGROUND

In 1987, Plaintiff Jordan International Company of Delaware ("Jordan") shipped 366 coils of cold-rolled sheet steel aboard the vessel M/V Cyclades (the "Cyclades"). At the time of the voyage, the Cyclades was owned by Thalassa, a foreign corporation with a place of business in Greece, and was under the direction of time-charterer Forward, a domestic corporation with a place of business in New York. In 1989, Plaintiff filed suit against both Forward and Thalassa, alleging that all 366 coils arrived damaged and seeking recovery in the amount of $240,786.73. In its pleadings, answers to interrogatories, and deposition testimony, Plaintiff claimed that the Cyclades was unseaworthy, that seawater had entered her holds, and that the coils had sustained rust damage.

Thalassa answered Plaintiff's complaint, cross-claimed against Forward, and impleaded two third-party defendants. Forward also answered the Plaintiff's complaint and cross-claimed against Thalassa. Subsequently, Thalassa abandoned its defense of this action. Upon its failure to comply with this Court's July 17, 1990 Order directing the production of a witness for deposition and documents for inspection, Thalassa's pleadings were stricken. Forward, however, continued to defend the action and ultimately settled with Jordan for $12,500. By letter of counsel, Forward makes the following assertions of fact which are undisputed:

> The parties kept Thalassa advised of all of the proceedings—both before and after its default—including the settlement negotiations. Although given the opportunity to do so, Thalassa chose not to participate in the settlement. At no time did Thalassa object to the settlement.

Letter from Kevin J. Hartmann of December 3, 1991 at 2.

In its motion, Forward requests for judgment against Thalassa in the amount of $58,564.68, representing the amount Forward paid to settle the Plaintiff's claim ($12,500), attorneys' fees ($40,500), and disbursements ($5,564.68). Thalassa did not file any formal opposition to Forward's mo-

tion, but counsel for Thalassa was present on the return date of the motion and objected to the judgment requested by Forward, an objection subsequently reiterated in a letter to the Court dated November 27, 1991. Forward responded to Thalassa's objection by letter dated December 3, 1991.

## DISCUSSION

█ Fed.R.Civ.P. 37(b)(2) provides that when a party fails to comply with a discovery order, a court may "render[ ] a judgment by default against the disobedient party."[1] Where, as here, after answering the complaint, cross-claiming, and impleading two third-party defendants, Thalassa purposely abandoned its defense of this action and disregarded this Court's order compelling discovery, a judgment of default is appropriate. *See, e.g., Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212–13, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958) (default judgment is not appropriate sanction where there was no showing that failure to comply with a pre-trial order was willful, in bad faith, or otherwise culpable); *Sieck v. Russo,* 869 F.2d 131, 134 (2d Cir.1989) (affirming grant of motion pursuant to Rule 37(b) for judgment of default against party who intentionally absented itself from deposition and twice ignored court's order to appear).

█ Thalassa argues that because Forward has failed to obtain a determination of its "actual liability" for the harms suffered by Jordan, a judgment requiring Thalassa to indemnify Forward is inappropriate. In support of this argument, Thalassa points to *The Toledo,* 122 F.2d 255, 257 (2d Cir.1941), *cert. denied* 314 U.S. 689, 62 S.Ct. 302, 86 L.Ed. 551 (1941), where the Second Circuit stated:

A claim for indemnity, however, requires that an actual liability be sustained by the indemnitee, and if he settles a claim without a determination of the rights in question, he bears the risk of proving an *actual liability* in the action over for indemnity (emphasis added).

Thalassa, however, ignores the Second Circuit's subsequent modification of the *Toledo* holding in *Atlantic Richfield Co. v. Interstate Oil Transport Co.,* 784 F.2d 106, 113 (2d Cir.1986), *cert. denied* 479 U.S. 817, 107 S.Ct. 75, 93 L.Ed.2d 31 (1986), where the Court stated:

Progressing logically from the rule in *Toledo,* we hold today that an indemnitee can only recover from an indemnitor upon proof of the indemnitee's *potential liability* if (1) the settlement is reasonable, and if (2) the indemnitor has sufficient notice in which to object to the settlement terms. When the indemnitor objects and the indemnitee fails to tender the defense of the action, the indemnitee must prove *actual liability* (emphasis added).

As a matter of law, Forward, as timecharterer of the Cyclades, and Thalassa as the vessel's owner, were potentially liable for the damage to Jordan's goods. *Joo Seng Hong Kong Co., Ltd. v. S.S. Unibulkfir,* 483 F.Supp. 43, 46 (S.D.N.Y.1979) (noting "there is strong statutory support for treating, except in exceptional circumstances, all owners and charterers involved in the carriage of goods at issue as COGSA[2] carriers who are potentially liable to cargo interests under the bill of lading"). *See also Hasbro Industries, Inc. v. M.S. St. Constantine,* 1981 A.M.C. 225 (D.HI. 1981) (noting that the law is clear that when a charter party contains a warranty of seaworthiness, and such warranty or obligation is violated by the owner, then the charterer has a right to recover indemnity from the owner for loss resulting from such violation of warranty); *Thyssen Steel Caribbean, Inc. v. Palma Armadora S.A.,* 1984 A.M.C. 1133 (S.D.N.Y.1984), *aff'd* 742 F.2d 1441 (2d Cir.1984). Here, the cargo

---

1. Forward also moves pursuant to Fed.R.Civ.P. 55(a), which provides, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

2. Carriage of Goods by Sea Act, 46 U.S.C.App. § 1300 *et seq.*

**28**

was allegedly damaged by exposure to seawater, and, therefore, the ship's owner and charterer were potentially liable to Jordan.

In the Court's view, Forward's settlement for $12,500 is reasonable in view of the size and likelihood of Jordan's potential recovery. *See, e.g., Damanti v. Inger*, 314 F.2d 395 (2d Cir.1963), *cert denied* 375 U.S. 834, 84 S.Ct. 46, 11 L.Ed.2d 64 (1963) (holding shipowner's settlement of longshoreman's injury claim reasonable and reversing judgment denying indemnity). Forward also provided Thalassa with sufficient notice in which to object to the settlement terms. Thalassa was kept informed of the settlement negotiations, given an opportunity to participate, and did not object to the settlement. Thus, Forward has satisfied the rule in *Atlantic Richfield*, and a judgment by default against Thalassa as indemnitor is warranted.

 Thalassa argues that because Forward's attorneys' fees and costs were paid by a non-party underwriter rather than by Forward, those fees and costs cannot be awarded "unless and until the underwriter joins the action or commences a separate action." Letter of Jeremy O. Harwood, dated November 27, 1991, at 2. In support of its position, Thalassa relies on *Hasbro Industries, Inc. v. M.S. St. Constantine*, 1981 A.M.C. 2255 (D.Haw.1981). *Hasbro* fails support Thalassa's argument, however, and a review of the case law indicates that an award of attorney' fees is proper in this situation. In *Peter Fabrics, Inc. v. S.S. Hermes*, 765 F.2d 306, 315 (2d Cir. 1985), Judge Friendly's opinion for the Court noted that when an indemnity obligation exists, either by express contract or implied by law, the indemnitee may recover from the indemnitor attorneys' fees and expenses incurred in defending a claim as to which he is indemnified. In *Iligan Integrated Steel Mills, Inc. v. S.S. John Weyerhaeuser*, 507 F.2d 68, 73 (2d Cir.1974), the Second Circuit considered a claim by cargo interests against a time-charterer and a shipowner for cargo damage. The Court upheld the lower court's ruling that the time-charterer was entitled to complete indemnification from the shipowner, includ-

ing indemnification for attorneys' fees. *See also Nichimen Co. v. M.V. Farland*, 462 F.2d 319, 333 (2d Cir.1972); *B.S. Livingston Export Corp. v. M/V Ogden Fraser*, 727 F.Supp. 144 (S.D.N.Y.1989) (awarding attorneys' fees to shipowner in connection with indemnification judgment against time-charterer). Here, Forward is entitled to indemnification from Thalassa for its settlement with Jordan. There is no reason not to permit Forward to recover its attorneys' fees and costs incurred in defending and settling Jordan's claims.

## CONCLUSION

The motion for judgment against Thalassa in the amount of $58,564.68 is granted.

IT IS SO ORDERED.