**Solfred MAIZUS, Plaintiff(s),**

v.

**WELDOR TRUST REG., Guy Bermes, Impexco of Texas, Inc., Chief Everest N. Ofoegbu, Captain Davies, Alhadji M.A. Daura, Central Bank of Nigeria, John Doe and Mary Roe (the names intended for persons employed by the Central Bank of Nigeria whose names are unknown), Defendant(s).**

**No. 91 Civ. 1492 (JES).**

United States District Court, S.D. New York.

Aug. 26, 1992.

Lord Day & Lord, Barrett Smith (John C. Sabetta, Christine C. Burgess, of counsel), New York City, for plaintiff.

Law Office of Emilia Agwamma Tems, Brooklyn, N.Y., for defendant Everest N. Ofoegbu.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff moves for judgment by default pursuant to Fed.R.Civ.P. 37(b)(2)(C) against defendant Chief Everest N. Ofoegbu ("Ofoegbu"). For the reasons that follow, plaintiff's motion is granted.

## BACKGROUND

Plaintiff commenced the present action on March 1, 1991. The complaint's five causes of action arise out of an alleged fraudulent contract for the sale of Nigerian light crude oil by the Federal Government of Nigeria to defendants Weldor Trust Reg. ("Weldor") and Impexco of Texas, Inc. ("Impexco"). Plaintiff asserts three causes of action alleging claims under RICO and common law fraud against defendants Ofoegbu, Captain Davies, Alhadji M.A. Daura, Central Bank of Nigeria, John Doe and Mary Roe as employees of Central Bank, ("the Nigerian defendants").

Defendant Ofoegbu was personally served with a summons and complaint in this action while present in Uniondale, New York on May 29, 1991. *See* Affidavit of Melvin Tublin sworn to February 18, 1992, ¶ 2, Exhibit A ("Tublin Aff."). Ofoegbu did not file an answer within the time permitted under the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(a). On July 9, 1991, although he had not filed an answer, Ofoegbu agreed with plaintiff's counsel to be deposed on July 29, 1991. *See* Tublin Aff., ¶ 5. Plaintiff's counsel accordingly served Ofoegbu with a notice of deposition and document demand. *Id.*, ¶ 6. On July 25, 1991, Ofoegbu adjourned the deposition without agreeing to a future date and produced none of the documents requested by plaintiff. *Id.*, ¶ 8.

In August, 1991, Ofoegbu retained counsel to represent him. *Id.*, ¶ 9. On August 21, plaintiff communicated that he would not seek a default judgment if counsel filed a notice of appearance immediately and an answer by September 4, 1991. *Id.* Counsel failed to file either an answer or a notice of appearance by that date. On September 5, plaintiff agreed to extend counsel's time to file a notice of appearance until September 6, but warned that no extension of time would follow if that deadline was not met. *Id.*, ¶ 10.

On September 9, plaintiff was served with a handwritten notice of appearance which was later discovered not to have been filed with the Court. *Id.*, ¶ 11. Plaintiff informed counsel that a notice of appearance had to be filed with the Court and granted her yet another extension of time to file either a notice of appearance or an answer until September 18. *Id.* Counsel finally filed a notice of appearance with the Court, and requested an additional thirty days to file an answer. *Id.*, ¶ 12. Once again, plaintiff granted an extension of time, but notified Ofoegbu's counsel that plaintiff would seek a default judgment against Ofoegbu unless an answer was filed by September 30 or unless he stipulated to an October 19 deposition. *Id.* Anticipating that she would be unable to meet the deadline by which to file an answer, and apparently unwilling to stipulate to a deposition, Ofoegbu's counsel submitted to the Court an *ex parte* proposed order requesting that Ofoegbu's time to file an answer be extended until October 25. *Id.*, ¶ 13, Ex. H. The Court so ordered the requested extension, *id.*, in spite of plaintiff's objection, and Ofoegbu finally filed his answer on October 25, just short of five months after he was served with the complaint.

On October 18, plaintiff re-noticed Ofoegbu's deposition for October 29 and renewed the previous request for documents. *Id.*, ¶ 14. Once again, Ofoegbu did not comply, failing either to appear for his deposition, *id.*, ¶ 16, or to produce any documents, *see* Plaintiff's Memorandum of Law in Support of Motion for Judgment by Default at p. 12

("Pl. Mem."). When telephone calls to Ofoegbu's counsel to reschedule the deposition were not returned, *see* Tublin Aff., ¶ 16, plaintiff arranged a Pre–Motion Conference with the Court to seek leave to file a motion for sanctions against Ofoegbu based on his willful noncompliance with both the parties's numerous agreements and the Court's discovery orders. *Id.,* ¶¶ 17–18.

At that Conference held on November 8, plaintiff agreed to defer that motion because the Court ordered that Ofoegbu appear for a deposition on December 6 in the Courthouse and warned expressly that Ofoegbu faced possible default if he failed to appear at the deposition. The Court confirmed that direction in a written Order which stated that Ofoegbu "shall appear to be deposed by plaintiff on December 6, 1991 at 11:00 AM in Courtroom 129," and further required that plaintiff serve both counsel for defendant, who had failed to attend the Conference, as well as Ofoegbu himself with copies of the Court's Order by certified mail return receipt requested. *Id.* at Ex. M. Counsel for plaintiff telephoned Ofoegbu's counsel and informed her of the substance of the Court's Order, including the ordered deposition date and the Court's warning of default. *Id.,* ¶ 20.

Thereafter, in late November, 1991, Ofoegbu's counsel asked plaintiff's counsel to agree to adjourn the Court ordered deposition until the end of February, 1992. *Id.,* ¶ 21, Ex. O. Counsel based her request on representations made by Ofoegbu's Nigerian counsel that Ofoegbu was hospitalized due to ill health and had recently suffered the loss of his father. *Id.* When plaintiff declined to consent to an adjournment, Ofoegbu's counsel arranged a Pre–Trial Conference before the Court. *Id.,* ¶ 22.

A Conference was held on December 3, 1991, at which time the Court granted Ofoegbu one last adjournment and fixed a firm deposition date of January 17, 1992. The Court stressed that Ofoegbu would be afforded no more leniency by the Court and warned that failure to appear at the deposition for any reason would result in a default judgment. The Court also issued a written Order which stated that "if [Ofoegbu] fails to appear for deposition on January 17, 1992, a default judgment will be entered against him." *Id.* at Ex. Q. Ofoegbu failed to appear on the date fixed. *Id.,* ¶ 30.[1]

As a consequence, a Pre–Motion Conference was held on January 17, 1992, at which time the Court granted plaintiff leave to file a motion for a default judgment.[2] *Id.* When Ofoegbu's counsel commented that Ofoegbu had experienced difficulties obtaining a visa for passage to the United States, the Court emphasized to plaintiff the need to have records relating to the issuance or nonissuance of visas to Ofoegbu since May, 1991 so that the Court could determine whether Ofoegbu's nonappearance was willful.

For that purpose, on January 24, 1992, the Court so ordered a Certification of Need pursuant to 8 U.S.C. § 1202(f) submitted by plaintiff requesting certified copies of documents contained in the consular records of the U.S. Embassy in Lagos, Nigeria concerning Ofoegbu's visa status, *id.,* ¶ 31, Ex. X, which plaintiff served on the U.S. Department of State's Office of Consular Affairs in Washington, D.C. that same day, *id.,* ¶ 31, Ex. Y. Certified documents were thereafter submitted to the Court in response to the Court's request which established that Ofoegbu was granted a U.S. visa on three occasions between May 29, 1991 and February 5, 1992. *See* Pl. Mem. at p. 13.

In fact, Ofoegbu travelled to the United States on or about August 14, 1991 on a one month visa granted on July 16, 1991. *Id.* Ofoegbu did not contact plaintiff's coun-

---

**1.** Consistent with his failure to comply in any manner with discovery requests, Ofoegbu has also not responded to interrogatories pursuant to Fed.R.Civ.P. 33 served on him on January 2, 1992. *See* Tublin Aff., ¶ 25, Ex. R.

**2.** At the January 17, 1992 Conference, the Court stated that if Ofoegbu submitted to a deposition before Oral Argument of the motion on April 24, 1992, the Court would not issue the default judgment but would likely make him pay only the costs of the motion. Ofoegbu did not submit to a deposition.

sel to schedule a deposition before he left the United States on August 23, 1991, although he had previously failed to attend a deposition scheduled for July 29, 1991. *Id.* Ofoegbu also entered the United States in September, 1991 for an unspecified period of time on a visa issued September 11, 1991, but, again, did not attempt to arrange for his deposition with plaintiff's counsel. *Id.* at pp. 13–14.

Finally, Ofoegbu was issued a visa on January 13, 1992, and thus was able to be present in the United States on January 17, 1992, the date for which the Court had ordered his deposition under penalty of default, and which he failed to attend. *Id.* at p. 14. On February 18, 1992, plaintiff filed a memorandum of law in support of his motion for a default judgment. Ofoegbu did not submit any papers in opposition to plaintiff's motion.

### DISCUSSION

While the Court is mindful of the fact that the issuance of a default judgment for non-compliance with discovery orders is to be used only where the facts demonstrate bad faith and a willful obstruction of the discovery process, as the aforesaid facts demonstrate, the pattern of willful obstruction of discovery and the deliberately dilatory tactics employed by Chief Ofoegbu in this case clearly warrant that sanction. *See* Fed.R.Civ.P. 37(b)(2)(C); *Societe Internationale v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958). This is especially true since that sanction furthers an important interest in establishing a credible deterrent to future litigants who might be inclined to engage in similar conduct. *See National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Sieck v. Russo,* 869 F.2d 131, 134 (2d Cir.1989); *Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 71 (2d Cir.1988).

In sum, Chief Ofoegbu has simply arrogated to himself the power to ignore the legitimate needs of his adversary, the process of this Court, and the public interest in the efficient and speedy resolution of civil disputes. He has abused both the patience of his adversary and the courtesies extended by this Court, which has been most liberal in affording him extensions of time both to answer and to appear for his deposition, sometimes over the objection of his adversary. Moreover, he has strained the financial resources of plaintiff who was forced to refute what was, from its inception, a completely spurious claim that his non-appearance at his deposition was the result of visa difficulties. A decent respect for the process of this Court and its interest in imposing an appropriate sanction on Chief Ofoegbu as well as deterring similar conduct of others in the future requires that plaintiff's application be granted.

### CONCLUSION

For the reasons stated above, plaintiff's motion for a default judgment against defendant Ofoegbu is granted.

It is SO ORDERED.