Rabha ZOUARHI, Plaintiff,

v.

**COLIN SERVICE SYSTEMS, INC., Defendant.**

No. 02 Civ. 2427(SCR).

United States District Court,
S.D. New York.

May 27, 2004.

Michael R. Bressler, New York City, for Plaintiff.

Jonathan M. Kozak, Joseph M. Martin, Jackson Lewis, LLP, White Plains, NY, for Defendant.

## MEMORANDUM DECISION AND ORDER

ROBINSON, District Judge.

### I. *BACKGROUND:*

On or about February 13, 2004, Colin Service Systems, Inc. (the "Defendant") made a motion to dismiss this action pursuant to Federal Rules of Civil Procedure 37(b)(2) and (d), and 41(b) (the "Defendant's Motion").[1] The Defendant's Motion requests that this Court: (1) dismiss Rabha Zouarhi's (the "Plaintiff") complaint in its entirety with prejudice; and (2) award the Defendant reasonable costs and disbursements incurred as a result of the Plaintiff's conduct. Although over ninety days have passed since the filing of the Defendant's Motion, the Plaintiff has not responded to the Defendant's Motion.

### II. *ANALYSIS:*

#### A. DISMISSAL OF THE PLAINTIFF'S COMPLAINT:

The Defendant's Motion submits that dismissal of the Plaintiff's complaint, with prejudice, is appropriate because the Plaintiff has "repeatedly and willfully failed to appear for properly noticed, confirmed depositions[.]" (Defendant's Motion, Page 2). This Court acknowledges that dismissal is a harsh remedy which is only appropriate when a court finds "willfulness, bad faith, or any fault" on the part of the prospective depo-

---

1. This Court's decision only addresses the Defendant's arguments pursuant to Federal Rule of Civil Procedure 37(b)(2) and 37(d).

nent. *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 766 (2d Cir.1990), *cert. denied*, 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991). However, the Second Circuit has consistently ruled that the imposition of sanctions pursuant to Rule 37, including without limitation dismissal, in connection with a party's failure to comply with discovery orders is firmly within the discretion of the district court. *See e.g. Bobal* at 766; *John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.*, 845 F.2d 1172, 1176 (2d Cir.1988).

Consistent with that view, the Second Circuit, in *Sieck v. Russo*, 869 F.2d 131 (2d Cir.1989), noted that when the district court had specifically warned (in a previous order) a non-compliant defendant that a default judgment in the full amount sought by the plaintiff could be entered if the defendant did not appear for the scheduled deposition, that warning justified the subsequent action taken by the district court; entry of a default judgment. *Id.* at 133. In *Sieck* and other cases, the Second Circuit has made it clear that judicial warning is a key factor to be considered in a district court's analysis of appropriate sanctions for a parties noncompliant behavior. *See e.g. Id.* at 133 and *Schenck v. Bear, Stearns & Co.*, 583 F.2d 58, 59 (2d Cir.1978) (the Second Circuit reversed a district court's dismissal for failure to prosecute, noting that "there had been no...judicial participation indicating that a dismissal might be in the offing.")

■ In the case at bar, after the Plaintiff did not appear for the December 11th and December 30th depositions, a conference was held before this Court on January 12, 2004. At that conference, this Court specifically stated that if the Plaintiff failed to appear for the next scheduled deposition it would entertain a motion to dismiss from the Defendant. Subsequently, the Plaintiff's deposition was rescheduled for February 5, 2004 and a re-notice of deposition was served on the Plaintiff to confirm that deposition. After the Plaintiff again failed to appear for her deposition on February 5, 2004, the Defendant sought this Court's permission, which was granted, and filed the Defendant's Motion on or about February 13, 2004. In the current case, as in *Sieck*, but unlike *Schenck*, this Court had previously warned the Plaintiff of the consequences of her failure to comply with the Defendant's discovery requests. The Plaintiff disregarded this Court's order and failed to appear for her deposition for the third consecutive time. Accordingly, this Court finds that dismissal of the Plaintiff's complaint in its entirety is appropriate. However, while the Defendant's Motion seeks *dismissal with prejudice*, this Court finds that *dismissal without prejudice* is a sufficient sanction.

## B. Costs and Expenses:

■ In addition to seeking dismissal of the action, the Defendant's Motion makes an application to this Court for the imposition of certain fees and expenses against the Plaintiff, which were incurred by the Defendant as a result of the Plaintiff's lack of cooperation with the prosecution of this matter. More specifically, the Defendant requests that the Plaintiff be ordered to pay (a) $1,111 in expenses, which were incurred by the Defendant for the court reporter and translator for the depositions, which were scheduled for December 11 and 30, 2003 but did not go forward due to the Plaintiff's failure to appear; and (b) an unspecified amount of attorneys' fees for the Defendant's counsel, which were incurred in connection with the appearances made at those anticipated depositions of the Plaintiff and the preparation of Defendant's Motion. This Court understands the Defendant's frustration with the Plaintiff's inaction; however, the dismissal of the action is an adequate sanction and this Court declines to order any award of costs or expenses against the Plaintiff at this time. As set forth above, the Plaintiff's complaint is being dismissed without prejudice. If the Plaintiff elects to reinstitute her action, this Court shall, upon a renewed motion by the Defendant, order the Plaintiff to pay (x) $1,111 in court reporter and translator fees, and (y) the reasonable attorneys' fees, which were incurred by the Defendant in connection with the Plaintiff's noncompliance.[2]

---

**2.** The Defendant's Motion requests "attorney's fees incurred for appearance at Plaintiff's deposi-

tions and in bringing the present motion"; however, it does not specify an amount or give any

### III. *CONCLUSION:*

For all of the reasons set forth above, this Court finds that: (a) the Plaintiff's complaint is dismissed without prejudice; and (b) the Defendant's request for an award of costs and expenses against the Plaintiff is denied at this time.

It is so ordered.

John David Josel, Silver Golub & Teitell, L.L.P., Stamford, CT, for Plaintiff.

John W. Manning, Rubin, Fiorella & Friedman LLP, White Plains, NY, Lawrence M. Berkeley, Stein, Bliabilas, McGuire, Pantages & Gigl, New York City, for Defendants/ThirdParty Plaintiffs.

Yolanda L. Ayala, Morris, Duffy, Alonso & Faley, Alyson M. Sciacca, Marin Goodman, New York, NY, for ThirdParty Defendants.

detailed billing information. To the extent it becomes an issue, the Defendant's counsel shall state a specific amount and shall produce de-

tailed billing records evidencing the attorneys' fees, which were incurred.