**Arturo P. BATAC, Plaintiff–Appellant,**

v.

**PAVARINI CONSTRUCTION CO., INC., Defendant–Appellee.**

No. 06–0677–cv.

United States Court of Appeals, Second Circuit.

Feb. 2, 2007.

Arturo P. Batac, pro se, New York, NY, for Plaintiff–Appellant.

Carmelo Grimaldi, Kaufman Dolowich Schneider Bianco & Voluck LLP, Woodbury, NY, for Defendant–Appellee.

PRESENT: Hon. PIERRE N. LEVAL, Hon. CHESTER J. STRAUB and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Arturo P. Batac, *pro se*, appeals the judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge)* entered on November 29, 2005, granting the motion for summary judgment by Defendant–Appellee Pavarini Construction Co., Inc. ("Pavarini"), and dismissing Batac's claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et. seq.*, for failure to establish a disability within the meaning of that Act. We assume the parties' familiarity with the facts and issues on appeal.

We review an order granting summary judgment *de novo,* focusing on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law. *Allstate Ins. Co. v. Mazzola,* 175 F.3d 255, 258 (2d Cir.1999). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Stuart v. Am. Cyanamid Co.,* 158 F.3d 622, 626 (2d Cir.1998) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)), *cert. denied,* 526 U.S. 1065, 119 S.Ct. 1456, 143 L.Ed.2d 543 (1999). Although the burden of showing that no genuine factual dispute exists rests on the movant, *see Nationwide Life Ins. Co. v. Bankers Leasing Assoc.,* 182 F.3d 157, 160 (2d Cir.1999), a plaintiff "faced with a properly supported summary judgment motion must do more than simply show that there is some metaphysical doubt as to the material facts." *Brown v. Henderson,* 257 F.3d 246, 252 (2d Cir.2001) (internal quotation marks omitted). The plaintiff must set forth "evidence sufficient to allow a reasonable jury to find in [his] favor." *Id.* Furthermore, "factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts [his] own prior deposition testimony." *Id.*

To make out a prima facie case of discriminatory discharge under the ADA, an employee must demonstrate, *inter alia,*

that "he suffers from a disability within the meaning of the ADA." *Reeves v. Johnson Controls World Servs., Inc.*, 140 F.3d 144, 149 (2d Cir.1998). A plaintiff can satisfy this element by presenting evidence of "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Evidence of an impairment does not *per se* establish a disability under the ADA; the plaintiff must show that the impairment significantly limits one or more major life activities. *See Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 641 (2d Cir.1998), *cert. denied*, 526 U.S. 1018, 119 S.Ct. 1253, 143 L.Ed.2d 350 (1999); *Reeves*, 140 F.3d at 151.

■ In his complaint, responses to written interrogatories, and deposition testimony, Batac did not identify any major life activities that had been impaired by his heart attack. To the contrary, Batac conceded that he was able to work, breathe, walk, sit, stand, and perform other life activities "with care." It was only in response to Pavarini's motion for summary judgment that Batac asserted for the first time, in an affidavit which essentially contradicted his prior deposition testimony, that his heart attack had affected his life activities. Thus, the District Court prop-

erly concluded that Batac had failed to meet his burden of showing that his heart attack constituted a disability under the ADA. The District Court also correctly determined that Batac had failed to demonstrate that Pavarini regarded him as having a disability. *See Reeves*, 140 F.3d at 153; *see also Giordano v. City of New York*, 274 F.3d 740, 749–50 (2d Cir.2001). We therefore affirm the District Court's dismissal of Batac's ADA claim.

■ Batac also appeals the District Court's refusal to grant his request for a subpoena requiring his physician to testify as to his disability. A district court's discovery rulings are reviewed for abuse of discretion. *See Grady v. Affiliated Cent., Inc.*, 130 F.3d 553, 561 (2d Cir.1997), *cert. denied*, 525 U.S. 936, 119 S.Ct. 349, 142 L.Ed.2d 288 (1998). The District Court granted Batac two time extensions to provide information about his disability, and told him that the information was necessary to defeat Pavarini's motion for summary judgment. Batac failed to meet these deadlines, and admitted that he was unable to get his own physician to certify that he was disabled. We find that in these circumstances, the District Court acted within its permissible discretion in refusing to issue a subpoena to require Batac's physician to testify. Its judgment on this issue is accordingly affirmed.[1]

---

1. Following oral argument in this case, Batac submitted a supplemental brief challenging the magistrate judge's imposition of discovery sanctions against him, including a monetary sanction of $2000. The docket reflects that Batac sought review of the sanctions order in an earlier-filed appeal, *Batac v. Pavarini Constr. Co., Inc.*, No. 05–3912. On June 7, 2006, this Court dismissed that appeal as duplicative, and directed the Clerk's office to issue a briefing schedule in the instant appeal. It appears, however, that the Clerk's office had already set a briefing schedule in this appeal, which required Batac to file his opening brief by May 8, 2006. In light of this

scheduling discrepancy, we will address Batac's challenge to the sanctions order on the merits.

"[A]ll litigants, including pro ses, have an obligation to comply with court orders." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.1994) (internal quotations omitted; alteration in original). The magistrate judge reasonably found that Batac failed to comply with the discovery orders, which described his discovery obligations in detail and set clear deadlines for fulfilling those obligations. Batac was warned of possible sanctions and also given an opportunity to explain his fail-

■ Finally, Batac argues that the District Court erred in failing to consider his claim under the New York Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290, *et seq.* Batac's complaint appears to be a standardized form provided to *pro se* litigants for bringing an action for employment discrimination. The first page of the form directs the plaintiff to check the box or boxes that apply to his case; the only three choices provided are: (1) Title VII of the Civil Rights Act of 1964; (2) Age Discrimination in Employment Act of 1967; and (3) Americans with Disabilities Act of 1990. Although the form prompts the plaintiff to describe the facts of his case, it does not ask, or provide a space for, the plaintiff to state any supplemental claims. The form does, however, inquire whether the plaintiff has filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding the defendant's alleged discriminatory conduct. Batac answered that question by filling in the date on which he had filed his charge with the State Division of Human Rights. Batac also attached a copy of the State Division charge to the complaint form. In the charge, Batac asserts, *inter alia,* that he has "a medical condition that is considered a disability under the New York State Human Rights Law, heart disease," and that Pavarini engaged in "an unlawful discriminatory practice relating to employment ... because of [his] disability, in violation of the Human Rights Law of the State of New York, Section 296."

"It is well-established that 'when [a] plaintiff proceeds *pro se* ... a court is obligated to construe his pleadings liberally, particularly when they allege civil rights violations.'" *Hemphill v. New York,* 380 F.3d 680, 687 (2d Cir.2004) (alteration in original). Stated differently, "the submissions of a *pro se* litigant must be ... interpreted to raise the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006) (per curiam) (internal quotation marks omitted). Applying this liberal standard, we find that Batac adequately alleged a claim for employment discrimination under the NYHRL.

We have recognized that the NYHRL defines "disability" more broadly than the ADA. *See Treglia v. Town of Manlius,* 313 F.3d 713, 723–24 (2d Cir.2002); *Weissman v. Dawn Joy Fashions, Inc.,* 214 F.3d 224, 233 (2d Cir.2000) (per curiam). That is, "an individual can be disabled under the [NYHRL] if his or her impairment is demonstrable by medically accepted techniques; it is not required that the impairment substantially limit that individual's normal activities." *Reeves,* 140 F.3d at 155 (internal quotation marks omitted; alteration in original); *see* N.Y. Exec. Law § 292(21). The District Court did not have the opportunity to assess Batac's evidence under this standard, or to analyze whether Batac had made out the other elements of a prima facie case of discrimination under the NYHRL. Accordingly, without expressing any views on the merits of that claim, we remand Batac's state discrimination claim to the District Court for consideration in the first instance. *See*

ures; the magistrate judge reasonably found that Batac failed to offer adequate reasons for his noncompliance. We find that the sanctions imposed for Batac's unjustified disregard of the magistrate judge's orders were within the available range of appropriate sanctions. *See Sieck v. Russo,* 869 F.2d 131,

134 (2d Cir.1989) ("We ... prefer to ... provide the teeth to enforce discovery orders by leaving it to the district court to determine which sanction from among the available range is appropriate."). The sanctions order is therefore affirmed.

*Treglia,* 313 F.3d at 723.[2]

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED in part, and VACATED and REMANDED in part for further proceedings consistent with this order.

**2.** On remand, the District Court is free to decline to exercise jurisdiction over the NYHRL claim and dismiss it without prejudice to Plaintiff's refiling in state court.