Battiste-Downie  v. Covenant House

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel P. Moynihan United States Courthouse, 500 Pearl Street in the City of New York, on the 18th day of June, two thousand twelve.

PRESENT:
          GUIDO CALABRESI,
          JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, Jr.,

                    *Circuit Judges.*

_____

Carlene Battiste-Downie,

                    *Plaintiff-Appellant*,

Athanasius Onyemaobi, Ehima Patrick
Onaghino, Leonard Agunwa,

                    *Plaintiffs*,

          v.                                                            No. 11-2093-cv

Covenant House, Covenant House New York,
Covenant House Under 21,

                    *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:              Carlene Battiste-Downie, *pro se*, Kennesaw, Georgia.

FOR DEFENDANTS-APPELLEES:      Kevin J. Harrington (John T.A. Rosenthal, *on the brief*), Harrington, Ocko & Monk, LLP, White Plains, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Crotty, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Carlene Battiste-Downie ("Battiste-Downie"), *pro se*, appeals the District Court's dismissal of her action pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) due to her noncompliance with the District Court's discovery orders. We assume the parties' familiarity with the facts, proceedings below, and issues on appeal. It is worth noting at the outset, however, that although Battiste-Downie appears *pro se* in this Court, she was represented by counsel at all relevant times in the District Court.

We review the imposition of sanctions for "abuse of discretion," and the factual findings made in support of the District Court's decision for clear error. *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010); *see also Sieck v. Russo*, 869 F.2d 131, 134 (2d Cir. 1989) ("We . . . prefer to . . . provide the teeth to enforce discovery orders by leaving it to the district court to determine which sanction from among the available range is appropriate."). We have identified the following "useful" factors in evaluating a district court's dismissal of an action under Rule 37: "(1) the willfulness of the noncompliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the noncompliant party had been warned of the consequences of noncompliance." *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks and ellipses omitted); *see also S. New England Tel.*, 624 F.3d at 144 ("[T]hese factors are not exclusive, and they need not each be resolved against the party challenging the district court's sanctions for us to conclude that those sanctions were within the court's discretion.").

We have reviewed the record in light of these principles and now affirm the District Court's dismissal with prejudice of Battiste-Downie's action. First, the record amply supports the District Court's finding that Battiste-Downie's noncompliance was willful. Battiste-Downie repeatedly defied discovery orders, despite the District Court's explicit instructions on several occasions that she was to respond to specific discovery demands propounded by defendants or face sanctions. For example, Battiste-Downie does not dispute that she never produced her computer's hard drive or a consent form that would have allowed for discovery from a third party, despite being ordered to do so.

Second, the efficacy of lesser sanctions to correct such behavior is doubtful, given that Battiste-Downie refused to respond to the discovery demands even after being ordered repeatedly by the District Court to do so. Third, Plaintiff-Appellant persisted in her noncompliance for approximately one year (*i.e.*, beginning with her original response to defendants' request for documents in July 2009 until her failure to abide by the District Court's final June 2010 deadline for compliance), resulting in numerous hearings to address the issue. Finally, Battiste-Downie was warned on at least two occasions that she would face the harshest sanction—dismissal of her claims—if she failed to comply with the court's orders. Notwithstanding this, she persistently disregarded the District Court's orders to fulfill her discovery obligations.

Accordingly, it is hereby **ORDERED** that the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3