16-3743-cv
Sentry Ins. a Mut. Co. v. Weber, et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of December, two thousand seventeen.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
EDWARD R. KORMAN,
*District Judge*.*

------------------------------------------------------------------

SENTRY INSURANCE A MUTUAL COMPANY,

*Plaintiff-Appellee*,

v.                                                      No. 16-3743-cv

HERSHEL WEBER,

*Defendant-Appellant*,

BRAND MANAGEMENT INC., AKA BUDGET

------

* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

SERVICES INC., DYNAMIC CLAIM SERVICES,
INC., BUDGET SERVICES INC.,

*Defendants.*

------------------------------------------------------------------

FOR APPELLANT:     Avrom R. Vann, New York, NY.

FOR APPELLEE:      Stephen R. Harris, Laura M. Zulick, Drinker
                   Biddle & Reath LLP, Philadelphia, PA.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Hershel Weber appeals from a judgment of the District Court (Vitaliano, J.) granting summary judgment in favor of Sentry Insurance a Mutual Company ("Sentry") and denying the defendants' cross-motion for summary judgment. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

1.  Preclusion Order

Weber argues that the District Court abused its discretion by precluding him from offering evidence to oppose Sentry's alter ego claim as a sanction for discovery violations. We disagree. Federal Rule of Civil Procedure 37 gives

2

courts broad discretion to sanction parties who fail to obey discovery orders, including the discretion to preclude "the disobedient party from supporting or opposing designated claims or defenses." Fed. R. Civ. P. 37(b)(2)(A)(ii). Several factors guide our review, including "(1) the willfulness of the non-compliant party . . . ; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (quotation marks omitted). The sanction must also "relate to the particular claim to which the discovery order was addressed." Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine, 951 F.2d 1357, 1366 (2d Cir. 1991).

The record supports the determination that the defendants engaged in willful, bad-faith discovery conduct; monetary sanctions had repeatedly proven ineffective to secure the defendants' compliance with Judge Mann's orders; and the defendants violated multiple compulsion orders over a year-long period. Judge Mann repeatedly warned Weber that further noncompliance could result in severe sanctions, including preclusion. And because most of the delayed and outstanding production of documents related to entities controlled by Weber (and

3

therefore to Sentry's alter ego claim), the preclusion order was well tailored to the defendants' noncompliance. Contrary to Weber's contention, Sentry was not required to show prejudice resulting from the defendants' misconduct. See S. New England Tel. Co., 624 F.3d at 148–49. We also reject Weber's argument that the sanction was an abuse of discretion because it resulted in the entry of a $12.5 million judgment against him. A sanction "must be commensurate with the non-compliance." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007). Under the circumstances of this case, the sanction was appropriately commensurate. See Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989). Finally, we reject Weber's contention that the District Court failed to consider and exhaust alternative sanctions because the sanction imposed is "appropriate on the overall record." S. New England Tel. Co., 624 F.3d at 148.

    2. Partial Summary Judgment Order

The District Court also properly granted Sentry's motion for partial summary judgment on its alter ego claim. Under New York law, an owner is liable for the acts of a corporation when the corporation is merely an "alter ego" of the owner. See Carte Blanche (Sing.) Pte., Ltd. v. Diners Club Int'l, Inc., 2 F.3d 24, 26 (2d Cir. 1993). A party seeking to pierce the corporate veil, and thereby

4

hold an owner liable, must show that (1) "the owner exercised complete domination over the corporation with respect to the transaction at issue," and (2) "such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." MAG Portfolio Consult, GMBH v. Merlin Biomed Grp. LLC, 268 F.3d 58, 63 (2d Cir. 2001) (quotation marks omitted).

We first reject Weber's argument that Sentry failed to adequately plead its alter ego claim. Sentry's complaint against Budget Services Inc. ("Budget") and Weber contains sufficiently specific factual allegations that Weber dominated Brand Management Inc. ("Brand") and Budget and that he used his domination to avoid the corporations' contractual obligations to Sentry. To the extent Weber now argues that Sentry failed to plead an alter ego claim in its complaint against Brand, and that the District Court therefore could not determine that Brand is Weber's alter ego, Weber failed to raise this argument in the District Court and has forfeited it. See Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1077 (2d Cir. 1993).

We also reject Weber's argument that, even if Sentry adequately pleaded its alter ego claim, summary judgment was nonetheless improper because (1) genuine disputes of material fact remain and (2) Sentry did not establish the elements of its alter ego claim as to Budget. We are not persuaded. First,

because of the District Court's preclusion order, there was no evidence properly before the District Court that created a genuine factual dispute.   Second, the District Court correctly concluded, based on the factors described in <u>Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.</u>, 933 F.2d 131, 139 (2d Cir. 1991), that Sentry demonstrated that both Brand and Budget are Weber's alter egos.

We have considered Weber's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court